CHARLES P. WILLARD

v.

ADOLPH SWANSEN.

*Filed at Ottawa November 15, 1888.*

1. NEGLIGENCE—*ordinary care by the plaintiff—an essential element.* In an action to recover for injuries resulting from the alleged negligence of the defendant, the plaintiff can not recover unless it appears, from the evidence, that he exercised ordinary care,—such as a reasonably prudent person will always adopt for his own safety. The fact that the defendant may have been guilty of gross negligence, does not, of itself, authorize a recovery. A duty always rests on the injured party to exercise ordinary care ; and unless that duty has been observed, a recovery can not be had,—in other words, ordinary care is an essential element on the part of the injured party to authorize a recovery.

2. SAME—*the rule as to comparative negligence—whether correctly stated.* An instruction, in substance, that the plaintiff, although guilty of some negligence, may recover, if the negligence of the defendant was gross, and the negligence of the plaintiff was slight in comparison with that of the defendant, is not a correct statement of the doctrine of comparative negligence. In order to state the rule correctly, the element of ordinary care required of the plaintiff should be given.

3. INSTRUCTION—*error obviated by others in the series.* In an action to recover for an injury resulting from negligence, the court instructed the jury, that although they might find, from the evidence, that the plaintiff was guilty of some negligence contributing to the injury, and was not free from negligence on his part, this would not prevent a recovery, provided the defendant was guilty of gross negligence, so that plaintiff's negligence was slight in comparison with defendant's, which was gross. This was held erroneous, but as the plaintiff's first instruction required the jury to find, as a condition to a recovery, that the plaintiff exercised ordinary care, and the same doctrine was distinctly announced in four of the defendant's instructions stating the rule correctly, it was *held*, that the jury could not have been misled by the erroneous instruction.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. EWING, COLLINS & EWING, for the appellant:

The doctrine of contributory negligence is not correctly stated in appellee's second instruction. Before a recovery for personal injury can be had in a case of contributory negligence, where the act of the defendant is not willful, it must appear that the negligence of the plaintiff is slight and the negligence of the defendant is gross, and that the negligence of the parties, respectively, appears to be slight and gross, when compared with each other. *Railroad Co.* v. *Jacobs*, 20 Ill. 478; *Railroad Co.* v. *Grimes*, 13 id. 585; *Railroad Co.* v. *Johnson*, 103 id. 512; *Railroad Co.* v. *Avery*, 109 id. 314; *City of Rockford* v. *Russell*, 9 Bradw. 229; *Bank* v. *Eitemiller*, 14 id. 22; *Moody* v. *Peterson*, 11 id. 180; *Railroad Co.* v. *Jones*, 5 id. 607; *Iron and Steel Co.* v. *Martin*, 115 Ill. 358; *Railroad Co.* v. *Goddard*, 72 id. 567.

Appellant's ninth instruction as asked, is a correct statement of the law, and should have been given. If the plaintiff's negligence was not slight, although defendant was guilty of extreme and gross negligence, there could be no recovery.

The appellee was not in the exercise of ordinary care at the time of his injury, and consequently can not sustain his judgment, even if appellant's negligence was gross. *Pennsylvania Co.* v. *Lynch*, 90 Ill. 335; *Myers* v. *Railroad Co.* 113 id. 386; *Sinclair* v. *Berndt*, 87 id. 176; *Railway Co.* v. *Britz*, 72 id. 256; *Bolt and Iron Co.* v. *Burke*, 12 Bradw. 372; *Railroad Co.* v. *Hetherington*, 83 Ill. 510; *Railway Co.* v. *Hatch*, 79 id. 137; *Bloomington* v. *Read*, 2 Bradw. 542.

Mr. I. K. BOYESEN, for the appellee:

It is not claimed that plaintiff could recover if he was not in the exercise of ordinary care, but it is not necessary to set forth that principle in each and every instruction. *Railroad Co.* v. *Ingraham*, 77 Ill. 313; *Walker* v. *Collier*, 37 id. 362; *Yundt* v. *Hartrunft*, 41 id. 9.

That principle being so fully stated in the other instructions, its omission in plaintiff's second instruction could not have misled. *Railroad Co.* v. *Johnson,* 116 Ill. 210.

That instruction is, however, in exact conformity with the rulings of this court. *Chicago* v. *Stearns,* 105 Ill. 557; *Railway Co.* v. *Dimick,* 96 id. 47; *Railway Co.* v. *Clark,* 70 id. 278; *Railroad Co.* v. *O'Conner,* 13 Bradw. 64; *Railroad Co.* v. *Johnson,* 116 Ill. 209.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The appellant, Charles P. Willard, in the month of May, 1885, occupied the sixth floor of a building on Michigan street, Chicago, and was engaged in the manufacture of steam engines, bridge materials, and various implements and iron articles. Adolph Swansen, appellee, was a machinist, and as such was employed in appellant's shop. His duty was to work in the shop from six o'clock in the evening until six in the morning. The appellant's shop contained many pieces of machinery, among others a buzz saw. On the seventh night of appellee's service in the shop, while in the act of getting some loose paper that was near to or under the buzz saw, which he intended to use in making a fire in another part of the shop, his left hand came in contact with the saw, which was in motion, resulting in the loss of a part of one finger, and a slight injury to two others. This action was brought to recover damages sustained on account of the injury.

The declaration contains two counts, substantially alike, averring that the defendant negligently permitted the buzz saw upon which appellee was hurt, to be revolving and in operation at night, in an insufficient light, without any guard around the same, without any person actually using the same, and without providing a loose pulley on the saw-shaft; that while he was so in the pursuit of his employment in said shop or factory of the defendant, and was in the exercise of ordinary

care on his part, he accidentally came in contact with said saw, and had one finger of his left hand cut off, and two others so seriously maimed, cut and injured, as to make them stiff and useless for life, by reason of which, etc. To the declaration the defendant pleaded the general issue. A trial was had before a jury, which resulted in a verdict and judgment in favor of the plaintiff. On appeal, the judgment was affirmed in the Appellate Court. To reverse that judgment the defendant has appealed to this court.

Two alleged errors are relied upon to reverse the judgment: First, the court erred in giving plaintiff's second instruction; and second, the court erred in modifying defendant's ninth instruction.

The second instruction given on behalf of plaintiff, which is complained of, is as follows:

"You are further instructed, that even though you find, from the evidence, that the plaintiff was guilty of some negligence contributing to the injury testified about, and was not free from negligence on his part, this will not prevent him from recovering in this action if he is otherwise entitled to recover, provided that you believe, from the evidence, that the defendant was guilty of gross negligence contributing to the injury testified about, so that the negligence of the plaintiff, if any, was slight in comparison with that of the defendant, if any, and the negligence of the defendant, if any, was gross in comparison with that of the plaintiff, if any, and that such negligence, of the defendant, if any, produced the injury complained of."

It is contended that the instruction does not correctly state the doctrine of comparative negligence; that, in a case of this character, before a plaintiff can recover, it must appear that his negligence was in fact slight,—not merely slight as compared with defendant's negligence, but slight in and of itself, in view of and as related to and affected by surrounding circumstances. Where the injury is not willful, the law is well

settled that a party can not recover for an injury received, unless it appears, from the evidence, that he exercised ordinary care,—such care as a reasonably prudent person will always adopt for the security of his person. This doctrine was announced at an early day in this court, in *Galena and Chicago Union Railroad Co.* v. *Jacobs,* 20 Ill. 488, and it has been reiterated in numerous cases since. (*Chicago, Burlington and Quincy Railroad Co.* v. *Johnson,* 103 Ill. 517.) The fact that the defendant may have been guilty of gross negligence, does not, of itself, authorize a recovery. A duty always rests on the injured party to exercise ordinary care, and unless that duty has been observed, a recovery can not be had,—in other words, ordinary care is an essential element on the part of the injured party, to authorize a recovery. But that element was omitted from the instruction, and the jury were, in substance, told, that the plaintiff, although guilty of some negligence, might recover, if the negligence of the defendant was gross, and the negligence of the plaintiff was slight in comparison with the negligence of the defendant. We do not regard this as a correct proposition of law, or as a correct annunciation of the doctrine of comparative negligence. The plaintiff may have failed to exercise ordinary care when his acts and conduct are considered in the light of all the evidence, and yet, under the terms of the instruction, he might recover if his negligence was only slight when compared alone with that of defendant.

In considering the doctrine of comparative negligence, expressions may be found in several cases which might seem to sustain the instruction, where it has been said, in a general way, that an injured party guilty of slight negligence may recover, where the negligence of the defendant was gross, and the negligence of the plaintiff slight in comparison with the negligence of the defendant; but it has always been understood, and the declaration has always been made with the

understanding, that in no case can a recovery be had unless the person injured has exercised ordinary care for his safety.

We think the instruction, as proposed, was incorrect, and it should not have been given. We also think defendants ninth instruction was correct, and it ought not to have been modified.

But conceding that the court erred in the two instructions, if it is apparent that the jury were not misled, the judgment ought not to be reversed. Upon an examination of the record it will be found that plaintiff's first instruction required the jury to find, from the evidence, as a condition to a recovery, that plaintiff, when injured, was in the exercise of ordinary care. In the defendant's first charge the jury were told, that before the plaintiff can recover, it must appear, from the evidence, that there was no want of ordinary care and prudence on the part of the plaintiff, contributing to his injury. In the second charge the jury were told that the law will not allow the plaintiff to recover for an injury occasioned by his own negligence, or failure to exercise ordinary care and prudence for his own safety. The same principle, in different language, is announced in defendant's third and fourth charge to the jury. Indeed, the doctrine that the plaintiff could not recover unless it appeared, from the evidence, that he was in the exercise of ordinary care, was so clearly and directly stated to the jury, both in the one instruction of plaintiff, and in at least four given in behalf of defendant, that it is incredible to believe the jury were misled on this branch of the law. If we are correct in this, no ground exists for a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*