## Springfield Consolidated Railway Company v. Margaret A. Sommer, Administratrix of the Estate of Frederick Sommer.

1. INSTRUCTIONS—*Upon Questions of Negligence.*—In an action against a railroad company for negligently causing death, questions involving whether the speed of a train was so high as to be negligent under the circumstances and at the place of collision, and whether proper notice of approach was given, upon which depend the right of recovery if the deceased was in the exercise of ordinary care, should be left to the jury without any instruction from the court as to its opinion.

**Memorandum.**—Action for damages. Death from negligent act. In the Circuit Court; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

*Instructions one, two, three and five, referred to in the opinion of the Court :*

1. The court instructs the jury that if they believe from the evidence that Frederick Sommer was a passenger for hire on one of the cars of the defendant on the 18th day of September, 1893, and that he alighted from said car on Kline street at its intersection with Carpenter street, and in the exercise of due care for his personal safety he attempted to pass over the two parallel tracks of the defendant at or near the crossing of said Carpenter street, on the east side of Kline street, on his way to the house of his mother, and that the east bound car of the defendant was running on the south of said parallel tracks at a high and dangerous rate of speed, and that the motorman on said car was thereby unable to stop the same so as to avoid striking said Sommer while so passing over said south parallel track, and while in the exercise of due care for his own safety he was run down by said car and thereby killed, then the jury should find the defendant guilty.

2. The court instructs the jury that if you believe from the evidence that the deceased, Frederick Sommers, was passing along Kline street where it intersected with Carpenter street, with due care for his own safety, and the defendant ran one of its cars toward the said Sommer without keeping a sufficient lookout to see and observe the said Sommer while he was so passing along said street, and without keeping control of said car, so that it could be stopped or the speed thereof slackened so as to avoid injury to said Sommer as he was passing along said street, and that in consequence of such failure to keep such a lookout and keep such control of said car, the said Sommer was struck thereby and killed, the jury should find the defendant guilty.

3. The court instructs the jury that if you believe from the evidence that Frederick Sommer, after alighting from one of the cars of the de-

fendant, was in the act of passing along Kline street, where said street intersected Carpenter street, with due care and caution, and the defendant, by its servants, propelled one of its cars along Carpenter street toward Kline street at a high and dangerous rate of speed, without having said car under such control that by the exercise of ordinary care it could be stopped, or its speed slackened, in time to prevent injury to the said Sommers, as charged in the declaration in this case, and thereby said car struck said Sommers, and killed him, then you should find a verdict for the plaintiff.

5.   The court instructs the jury that the ordinary care required of the plaintiff, as mentioned in these instructions, means that degree of care and caution which might reasonably be expected from an ordinarily prudent person, under the circumstances surrounding deceased at the time of the alleged injury, and, in order to ascertain what surrounding circumstances were, the jury have the right to take into consideration the manner and place in which the cars of the defendant have passed each other on the switch of the defendant before the killing of Sommer, so far as the evidence may show such manner and place, together with all the other facts and circumstances in evidence.

APPELLANT'S BRIEF, WILSON & WARREN, AND PALMER, SHUTT & DRENNAN, ATTORNEYS.

Appellant contended it was the province of the jury to determine whether the defendant was guilty of negligence, and not for the court to tell them that certain facts constitute negligence. · Negligence is not a legal question, but one of fact. L. S. & M. S. Ry. Co. v. Parker, 131 Ill. 564.

On the trial of a case of this character, negligence is a question of fact for the jury to determine from the evidence, and it is not the province of the court to tell the jury in an instruction that one thing is negligence and one thing is not; but they should be left free and untrammeled to determine from all the evidence who has been negligent and who has not. I. C. R. R. Co. v. Slater, 139 Ill. 199; The St. Louis Bridge Company v. Miller, 138 Ill. 465; Cold v. O'Brien, 86 Ill. 211.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against the appellant

for having negligently caused the death of the said Frederick N. Sommer.

The declaration contained six counts, of which the third and fourth were deemed bad, and the jury were instructed to disregard them. The counts remaining, charged the defendant with negligence in the management of its cars, which were propelled along a public street in the city of Springfield by electricity, and that thereby the deceased, who was in the exercise of due care, was run over and received fatal injury.

The negligence alleged was in running at a dangerous rate and in not giving notice of the approach of the cars. It was alleged that deceased was in the exercise of due care.

We have carefully considered the case made by the proof and find that, to say the least, it is very close upon both material points, viz., the alleged negligence of the defendant and the alleged care of the deceased.

Whether the speed was so high as to be negligent under the circumstance and at the place of collision, and whether the proper notice of approach was given, were questions for the jury, upon which depended the right of recovery, if the deceased was duly careful. These questions should have been left to the jury without any intimation from the court as to its opinion.

The first, second and third instructions given for the plaintiff were seriously at fault in assuming that the matters therein mentioned constituted negligence on the part of defendant. Whether so or not was for the jury and not for the court. It is familiar in this State that the court should not instruct the jury that certain acts or omissions are, per se, negligence, unless so declared by statute.

In this instance the matters referred to were the alleged high and dangerous rate of speed and the alleged omission to keep a sufficient lookout, and to keep control of the car so that it could be stopped in time to avoid injury.

In argument, the appellee, realizing the force of the objection, insists that the fault is cured by the instructions given for appellant, and that on the authority of Willard v. Swan-

sen, 126 Ill. 381, the judgment should not be reversed for this reason. An examination of the entire series has led us to the conclusion that the fault is not so cured, and that the jury were probably misled. We are of opinion, also, that the fifth instruction is erroneous in that it singles out and calls undue attention to the evidence as to "the manner and place in which the cars of defendant had passed each other on the switch before the killing of Sommer."

On the whole, we think the case should be tried again.

The judgment will therefore be reversed and the cause remanded.