## Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. James A. Butler.

1. ORDINARY CARE—*Burden of Showing.*—The burden is upon the plaintiff, when seeking recovery for an injury caused by the mere negligence of the defendant, to show that he exercised ordinary care. Such care on the plaintiff's part is essential to a recovery.

2. Instructions—*Taking the Question of Ordinary Care from the Jury.*—An instruction which takes from the jury the issue as to whether the plaintiff in an action for personal injuries was at the time of the alleged injury in the exercise of ordinary care, is erroneous.

**Memorandum.**—Action for personal injuries. In the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

Gere & Philbrick, attorneys for appellant; John T. Dye and F. Y. Hamilton, of counsel.

J. E. Pollock and A. J. Barr, attorneys for appellee.

Mr. Presiding Justice Wall delivered the opinion of the Court.

The appellee was a brakeman and acting in that capacity on a freight train of appellant.

The train left Bloomington late at night, and on account of the grade at a point a mile or so from the city it became necessary to cut the train in two. The first section was placed on a side track and the engine went back for the other part. In doing so it had to cross a cattle guard. The appellee stood on a step at the rear of the tender, and he claims that because of the extraordinary width of the engine and tender his feet came in contact with the wing fence extending from the cattle guard, and losing his footing, but retaining his grasp on the "hand hold," he was dragged some distance before the engine could be stopped, and thus received the injuries complained of, for which he recovered, in this action, a judgment for $1,000.

The alleged negligence of the appellant was in providing an engine and tender too wide to pass between the wing fences of the cattle guard with safety. The appellee alleged in his declaration that it was necessary for him to stand where he did in discharging his duty as a brakeman, and that in so doing he acted with due care and caution.

He also averred that he was not aware of the unusual

width of the engine and that it was the duty of the appellant to notify him of the fact. It was a controverted and very important question whether appellee, in riding on the step, was exercising ordinary care.

The appellant insisted that the step was placed there for the purpose of getting access to the tool box in the rear of the tender but not for the purpose of standing on when the engine was in motion, and that it was dangerous as well as unnecessary to do so, while the appellee insisted that it was there for all purposes, and that it is customary, convenient and proper for a brakeman to stand there when switching. Therefore, conceding that where an engine of unusual width is placed in the service, the employe is entitled to notice, so that he may guard against such danger as here disclosed. The pivotal question is whether he used ordinary care in standing where he did.

We think the second and third instructions given for the appellee were so framed as to assume that it was proper for him to ride on the step.

The expressions found therein as to "due and proper care," and "due care and caution," on his part do not obviate the objection, for they are in such connection as merely to qualify "the discharge of his duties as a brakeman" in a general way, leaving it as the clear implication that in the course of such discharge of duty he might properly ride on the step as he did. The issue should have been left to the jury, and they should have been required to determine whether to do so was to use ordinary care, all the circumstances being considered. The vice in these instructions is not corrected by others given on either side.

The fourth instruction given for appellee was as follows:

"The court instructs the jury that even if you believe from the evidence that the plaintiff was guilty of some negligence in riding on the steps of the tender, still this will not prevent a recovery in this case, if you further believe from the evidence that the negligence of the plaintiff was slight as compared with the negligence of the defendant, and that the negligence of the defendant was gross."

This is not a correct legal proposition as to the doctrine of comparative negligence.

The burden always rests upon the plaintiff when seeking recovery for an injury caused by the mere negligence of the defendant to show that he exercised ordinary care. Such care on his part is essential to recovery.

In the present instance he may not have used such care, and yet by the terms of this instruction he would not be barred of recovery.

Hence the instruction is clearly erroneous. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 517; Willard v. Swansen, 126 Ill. 381.

The only question is whether the fault is cured by other instructions.

As already noticed, the second and third for appellee refer to his duty in this respect in a general way, and upon the authority of the case last cited, and of others since decided, it might perhaps be held that the judgment should not be reversed for this cause alone, if those instructions were free from fault in other respects, but it is illogical to hold that the omission in one instruction is supplied by an expression found in another which should have been refused because otherwise defective. The judgment will be reversed and the cause remanded.