### Chicago, Peoria & St. L. Ry. Co. v. Lewis.

1. *Railroad Accidents—Burden of Proof.*—When a railway car is thrown from the track, whereby a passenger is injured, the presumption arises that the accident resulted from an imperfect condition of the track or from bad management of the trains, or both combined, and the burden of proof is upon the company to show that it was free from negligence.

2. *Speed of Trains.*—While the statute and the rulings of the courts

C., P. & St. L. Ry. Co. v. Lewis.

may not have fixed a rate beyond which a train can be safely moved, yet it is manifest there must be a limit, and that when such limit is exceeded the law will impute negligence. What the limit is will depend on circumstances very largely, such as the condition of the road bed, the weight and strength of the rail and the character and condition of the rolling stock.

3. *Duty of Common Carriers.*—Common carriers of persons are required to use all that human care, vigilance and foresight can reasonably do, in view of the character and mode of conveyance adopted, to prevent accidents to passengers.

4. *Damages.*—Necessarily the estimate of damages for personal injuries and suffering must depend upon the judgment of the jury; there can be no direct proof in regard to it, and witnesses can not be allowed to express an opinion upon it.

5. *Change of Venue—Waiver.*—When the venue in a civil proceeding is changed and the cause is sent for trial to a county outside of the judicial circuit in which it arose, and no exception is taken to the order granting the change in the county where it is entered, nor a motion made in the county to which it is sent, and the party goes to trial without objection, whatever error there may have been in the order of the court changing the venue is waived.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

The accident which resulted in the injury for which the plaintiff below seeks to recover, happened on Sunday morning, March 8, 1891. The plaintiff, with others, took a passenger train known as the Red Express, running from Chicago to St. Louis, at Peoria, and was going to Havana. At the time of the accident he was not sitting in the regular seats, but in a seat running parallel with the car, which he calls the "conductor's seat." The train was a complete wreck, the cars took fire and burned, three persons were killed, a corpse was burned. The engine was wrecked and everything crushed into a hopeless mass of ruins. Without any fault on his part, plaintiff was caught amidst the *debris;* his collar bone and jaw bone were broken; he was injured internally. The negligence charged is careless and improper management of the engine and train, running at a reckless

and dangerous rate of speed, and that the rails were insecurely spiked and broken, the ties decayed, etc.

### APPELLANT'S BRIEF.

" There is no general law in this State imposing any restraint as to the rate of speed a company may run its train." It may adopt any rate without subjecting itself to liability if it is not otherwise at fault. W., St. L. & P. Ry. Co. v. Neikirk, 15 Bradw. 172; W., St. L. P. Ry. Co. v. Wiesbeck, 14 Bradw. 525; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; St. L. & S. E. Ry. Co. v. Brits, 72 Ill. 256, 260, 261; P. & U. P. Ry. Co. v. O'Brien, 18 Bradw. 28; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; City of Peoria v. Simpson, 110 Ill. 294; Rolling Mills v. Morrissey, 111 Ill. 646; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

I. L. MORRISON, general solicitor.

WALLACE & LACEY, attorneys for appellant.

WRIGHT & WRIGHT, and H. W. MASTERS & SON, attorneys for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

The appellee recovered a judgment against the appellant for $3,000, on account of injuries sustained by reason of the wrecking of a train upon appellant's road while appellee was a passenger. The entire train was thrown from the track, several persons were killed and the greater part of the train with the property thereon was consumed by fire which caught from the stove. There is but little doubt that the wreck was caused by the breaking of a rail or of several rails, and this was probably caused by the defective condition of the ties.

The condition of the road was not such as to justify the speed ordinarily attained by passenger trains. The declaration in one count alleged a dangerous rate of speed, and in another that the rails and ties were defective.

When a railway car is thrown from the track whereby a passenger is injured, the presumption arises that the accident resulted from an imperfect condition of the track or from bad management of the train, or both combined, and the *onus* is upon the company to show that it was free from negligence. T. W. & W. Ry. Co. v. Beggs, 85 Ill. 80; P. P. & J. R. R. Co. v. Reynolds, 88 Ill. 418.

After carefully considering the evidence, we are satisfied that the company did not show that it was free of negligence in this case, but that the weight of evidence offered on the issue as to the condition of the track is clearly with the plaintiff. There was no want of care on the part of the plaintiff, and it follows necessarily that he was entitled to a verdict.

It is, however, insisted by appellant that the court erred in its instructions to the jury and in admission of evidence.

In support of the latter objection, attention is called to the fact that the plaintiff testified to the condition of the track a few days after he was hurt, and that the witness Wright was permitted to state what he saw at the same place on one occasion at a time not very definitely fixed, but somewhere between one and three weeks after the accident. This testimony related mainly to the rotten condition of the ties, which had been taken out and were lying near the track. Wright had examined the place where the wreck occurred the next morning and described what he then saw in the way of broken rails and the disturbed condition of the track where the train went off.

We think the evidence was competent as tending to show the condition of the ties a short time before, where the accident occurred, and was sufficient to throw the burden upon the company of showing when these ties were taken out of the track. No effort was made to show that these rotten ties had been taken out before the accident, and the testimony offered by the company tended to prove that they were taken out after it. It is also objected that the witness Walker was allowed to testify to the condition of the road a year after the accident.

He testified that he was in the train and helped to get the plaintiff and other injured passengers out of the wreck; that while he made no general observation of the condition of the ties, etc., he saw many pieces of broken rail, and that there were some rotten ties. He would estimate the number of the latter at one-fifth. On cross-examination, it was drawn out that this estimate as to the number of rotten ties was partly based upon his special observation made the day before he testified.

If counsel were of opinion that the estimate testified to in chief should have been excluded because it was based wholly or in part upon the observation made the day before, the question should have been presented by a motion to that effect; but this was not done, nor do we find that objection was taken to the testimony, and, of course, it can not be objected to for the first time in this court.

It is also urged that the court erred in not permitting the defendant to prove by Sloan, its road master, "that in railroading there is a standard as to the number of ties it takes to a thirty-foot rail to make a first-class road bed, and what that number is."

This was not a very important inquiry, as we regard the evidence which tended to show that the ties were in bad order. It was immaterial how many there were, if they were rotten.

But assuming that the question was a proper one, and that the court erred in excluding it, yet we find that in answer to subsequent questions, a little different in form and to which no objection was made, the witness was permitted to state substantially what was called for by this question. So that the defendant in fact got the benefit of this testimony on that point, whether it was relevant or not, and of course can make no complaint in this respect.

It is urged that the court erred in giving the first, second, sixth and eighth instructions for plaintiff. The objection to the first is that it "ignores care and diligence on the part of plaintiff." This is a misapprehension.

The instruction proceeds, in the first clause, to set out the

allegations of the declaration, including the averment that "the plaintiff was in the exercise of due care and caution," and then advises the jury that if they find the declaration, or either count, has been proven by the preponderance of the evidence, they should find for plaintiff. Proof of either count would include not only the specified negligence of the defendant, but also the care and diligence of the plaintiff. The case of C. & N. W. Ry. Co. v. Dimick, 96 Ill. 46, is not in point, for there no reference was made in the instruction, directly or indirectly, to the averment of care on the part of plaintiff.

The sixth instruction is objected to because it assumed, as counsel construe it, that a rate of speed might be so great as to become negligence *per se*, when, as it is argued, there is no law regulating speed.

We understand that speed may be so great as to show negligence or even criminal recklessness.

While the statute and the rulings of the courts may not have fixed a rate beyond which a train can be safely moved, yet it is manifest there must be a limit, and that where such limit is exceeded the law will impute negligence. What the limit is would depend on circumstances very largely, such as the condition of the road bed, the weight and strength of the rail and the character and condition of the rolling stock.

Other conditions might also be involved, but no matter how perfect the road and the equipment, there must be a limit beyond which is manifest danger. We think this objection to the instruction not well taken. Another objection urged is that the instruction contains no reference to the care and caution of the plaintiff.

The instruction does omit all reference to this averment in the declaration.

But we think the case is within the rule laid down in Willard v. Swansen, 126 Ill. 381 (which has been followed in later cases), that such omission is obviated by the fact that other instructions given for plaintiff as well as defendant, contained the necessary qualification. And aside from

this, there was, as we have stated in the outset, no real question on this point. It did not appear that the plaintiff was in any degree negligent. He had a seat in a passenger car provided by the company, was conducting himself properly, and nothing that he did can be said to have contributed to the result. It may be that if he had been in a different part of the train he would have shared the fate of the passengers who were killed. This is all mere speculation, useless and profitless. We repeat, there is no ground for charging negligence on his part, and if every instruction given had omitted all reference to the averment on this point we would not, under such circumstances, reverse for that reason.

It would be absurd to hold that a judgment is vitiated because of such an omisson in the instruction when we are clear that the evidence shows the plaintiff was exercising ordinary care at the time he was injured and that there is nothing in the proof upon which the jury could have found otherwise.

The objection to the second instruction is that it requires "much too strict a rule of diligence." It reads as follows:

"The court instructs the jury that common carriers of persons are required to use all that human care, vigilance and foresight can reasonably do in view of the character and mode of conveyance adopted to prevent accidents to passengers."

We think it is not objectionable. It is supported by the authorities, and is a correct statement of the rule as applicable to such a cause of action, and moreover, it was substantially recognized as the correct rule in the third instruction given at the instance of the defendant.

The eighth instruction is objected to. It reads as follows:

"If from the evidence in the case and under the instructions of the court the jury shall find the issue for the plaintiff, and that the plaintiff has sustained damages as charged in the declaration, then to enable the jury to estimate the amount of such damages it is not necessary that any witness should have expressed an opinion as to the amount of such

damages, but the jury may themselves make such estimate from the facts and circumstances in proof."

Counsel for appellant say that it left the jury "to wander in a field of too much conjecture and indefiniteness." We regard it as a fair and proper statement of the rule of law applicable to the subject under consideration. Necessarily the estimate of damages for personal injury and physical suffering must depend upon the judgment of the jury. There can be no direct proof in regard to it, and no witness can be allowed to express his opinion upon the point. We think the objection is not well taken. The appellant urges that the court erred in modifying instructions No. 2, 4 and 6, asked in its behalf. We think the modifications detracted nothing from the real meaning or force of the instructions and therefore there is no ground of complaint in this respect. The objection that the court refused certain instructions asked by appellant must also be overruled, as in our opinion the substance of the refused instruction so far as correct and applicable was contained in others that were given at the request of appellant, and upon reading all the instructions given on both sides we are satisfied the jury were sufficiently advised as to the law of the case.

The appellant urges with considerable earnestness that the damages are excessive. The plaintiff claims that he suffered a fracture of the jaw and also of the collar bone, that he endured great pain for several weeks and that he was at the time of the trial affected seriously so that his health was not yet restored, that he was unable to work and was depressed mentally and nervously. In this statement he was corroborated by medical testimony. It is true there was medical testimony tending to prove that he had sustained no fracture of either the jaw or the clavicle and that he was not seriously injured.

The jury evidently believed the plaintiff's testimony and if so it is difficult to say that the damages were assessed too high. We are not inclined to interfere on this branch of the case. It is urged finally that the court erred in overruling the motion in arrest of judgment. The point thus made relates to the jurisdiction of the court.

The suit was commenced in Mason County. The appellant applied for a change of venue on account of the alleged prejudice of the inhabitants of that county and the court upon consideration of the matter allowed the application and changed the venue to Fulton County. It is said now that as Fulton County was not in the same circuit with Mason County there was error in this action of the court. It appears that no exception was taken in Mason County, to the order granting the change, nor was there any motion made in Fulton County to remand the cause nor any suggestion of irregularity. The appellant went to trial without objection and thereby waived whatever of error there may have been in the order of the Mason Circuit Court. Johnson v. Von Kettler, 66 Ill. 63; Flagg v. Roberts, 67 Ill. 485.

It is therefore unnecessary to decide the point now presented, that the cause should have been sent to some other county in the same circuit.

We find no error in the record of such gravity as to require a reversal of the judgment. Affirmed.