JOHN M. STRINGAM

*v.*

AMANDA J. PARKER.

*Filed at Springfield January 17, 1896.*

1. CHANGE OF VENUE—*"convenience" of county is discretionary—review.* The question what is a "convenient county," within the meaning of the statute, (Rev. Stat. 1874, p. 1093, sec. 2,) to which to send a cause on change of venue taken for prejudice of the judge, is to be determined by the presiding judge in the exercise of a judicial discretion, an abuse of which discretion is reviewable.

2. SAME—*cause may be sent to a county out of the circuit.* On change of venue for prejudice of the trial judge, a cause may be sent to a court of competent jurisdiction in a convenient county, though in another judicial circuit.

3. CONTINUANCE—*absence of witnesses and of one attorney—when not ground for.* Application for continuance based on absence of witnesses and of one attorney is properly denied, where the testimony of such witnesses would not have been material, and it is not shown the counsel conducting the cause needed the assistance of his absent associate, or that the client was prejudiced by the attorney's absence.

4. INSTRUCTIONS—*what will cure omission in plaintiff's instruction.* An instruction to find for plaintiff if the material allegations of the declaration were proved, without stating what were such material allegations, is, if defective, cured by one for defendant which fully sets forth such allegations.

*Stringam* v. *Parker*, 56 Ill. App. 36, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Brown county; the Hon. JEFFERSON ORR, Judge, presiding.

OSCAR A. DeLEUW, and FELIX D. McAVOY, for appellant:

The continuance of the cause should have been granted on the ground of the sickness of defendant and his attorney and witnesses, and their inability to attend the trial.

The court erred in sending the cause out of the county. *Curran* v. *Beach,* 20 Ill. 259; *Railroad Co.* v. *Perkins,* 26 Ill. App. 68.

The defendant had the right to be tried in his own county. *Humphrey* v. *Phillips,* 57 Ill. 132; *Drake* v. *Drake,* 83 id. 526; *Safford* v. *Insurance Co.* 88 id. 296.

EDWARD YATES, and W. H. CROW, for appellee:

As to jurisdiction to send cause out of the county and circuit, see *Herkimer* v. *Sharp,* 5 Bradw. 620, and *Lowry* v. *Coster,* 91 Ill. 182.

The mere statement in an affidavit that the presence of defendant's attorney is necessary on the trial will not suffice. *Duncan* v. *Niles,* 32 Ill. 541.

The reasons for the necessity of defendant's presence at the trial must be stated. *Snell* v. *Rothbarth,* 71 Ill. 83.

For effect of a refusal to grant a continuance for testimony which would not change the result, see *Grundies* v. *Bliss,* 86 Ill. 132.

Per CURIAM:  The opinion of the Appellate Court for the Third District, rendered in this cause upon the hearing in that court, by PLEASANTS, J., is as follows:

"Appellee brought this action in Scott county upon a dram-shop bond, against appellant, the principal, and W. C. Wright, J. E. Arundel and John R. Bagby, the sureties thereon, claiming injury to her means of support by

the death of her husband, alleged to have been caused by intoxication from liquor sold to him by appellant. The venue was changed to Brown county, where it was tried. In the course of the trial, plaintiff, over objection by defendant Stringam, dismissed her suit as to the sureties and filed an amended declaration in case, against him, for the same cause of action. She obtained a verdict for $2000 damages, which the court refused to set aside and rendered judgment thereon, and he prosecutes this appeal therefrom.

"The proof is, that appellee, with her husband, resided at the time of his death, and for many years previously, at Griggsville, in Pike county. He had carried on the drug business until the last year, when he engaged in selling agricultural implements and dealing in real estate. He had accumulated some property, and provided for his family—his wife and one child, a boy about eleven years of age—a good living. At half-past one o'clock in the afternoon of January 18, 1892, he left his home in a sleigh, with an old and gentle horse, for Naples, somewhat under the influence of liquor. A little after four o'clock he went into the saloon of appellant, which he carried on by his agents, at Naples, slightly but noticeably intoxicated, remained there from a half to three-quarters of an hour, during which he took three drinks at the bar and purchased a two-gallon jug of whisky. When he left, about five o'clock, he was plainly drunk. The weather was very cold, with snow and high wind. Some time in the night or following morning his horse, hitched to the sleigh, came to the house of a witness, who recognized it as Parker's and cared for it. After breakfast he hitched it again to the sleigh and started to find him. Retracing the tracks, he found him lying beside a tree, some three miles south of Naples, frozen and dead. Appearance in the snow clearly indicated that, having gotten out of the traveled road into the ditch at its side, the sleigh there struck a stump, and Parker, with his jug

and lap robe, had been pitched out; that having picked
up the jug he wandered back and forth several hundred
yards, deposited it on the stump of a tree and went on to
where his body was found, laid down with his overcoat
under his head and was frozen to death. That this was
attributable to his intoxicated condition as the proximate
cause is beyond any reasonable doubt, and that the liquor
he purchased and drank at appellant's saloon largely
contributed to produce that condition is no less apparent
from the evidence. Upon these questions there is no con-
flict in it.

"Appellant resided at Jacksonville, in Morgan county,
and he and Wright were served with process in that
county. Arundel and Bagby, the two other sureties,
resided at Bluffs, in Scott county, and were there served.
But all appeared and plead to the action brought. At
the first term of the court in Scott county, appellant, with
the concurrence of his co-defendants, filed a petition for
a change of venue on the ground of prejudice of the pre-
siding judge, who thereupon made an order sending the
cause for trial to Brown county,—almost adjoining Scott,
but out of the circuit,—to which exception was taken. At
the term in Brown county next following, the defendants,
limiting their appearance to that purpose, entered their
motion to remand it to Scott, which the court there
denied, and to that ruling also exception was duly taken.
A trial followed, resulting in a failure of the jury to agree
upon a verdict and a consequent continuance to the next
term. At that term a motion of defendants for a further
continuance, founded on affidavits of appellant and one
of his attorneys, was overruled, and the cause was then
again tried with the result now under review. Error is
assigned upon the overruling of these motions and the
action of the court in the matter of instructions.

"It is said that the circuit court of Brown county had
no jurisdiction to try the cause, and should therefore
have remanded it to Scott; that the order changing the

venue was void for want of power in the court to send the case out of the circuit. That it had that power in some cases cannot be denied. Under the old judicial organization, by which only one judge was provided for each circuit, the statute required it to be exercised where the application for a change was based upon the allegation of his prejudice against the applicant; and now, when based upon that of all the judges of the circuit in which the cause is pending, it might for the same reason be so ordered. In other cases it is left to the judicial discretion of the presiding judge to whom the application is made, to be exercised chiefly with reference to convenience. The provision of the statute is, that 'when a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county, or to some other convenient county to which there is no valid objection,' with a proviso that where the cause was pending in the circuit or Superior Court of Cook county, for each of which there was more than one judge, if the ground of the application was the prejudice of the one then presiding it might be sent to one of the other judges of the same court to whom the objection did not apply. But that is not mandatory, and we know of no limitation to the discretion of the judge except those above stated, viz., that it must be sent to some other court of record of competent jurisdiction, and of the same or some other and convenient county. (*Lowry* v. *Coster*, 91 Ill. 182.) Of necessity he must determine the question of convenience. Since the other circuits have been provided with three judges each, the proviso as to Cook county has been, in practice, treated as applicable to them also, but is no more mandatory. It is still a question of convenience, which is usually and properly, but not necessarily, determined in favor of the same county. It must still be determined by the presiding judge in the exercise of judicial discretion. Any abuse of it is error, of which the party thereby prejudiced may rightly complain and have a cor-

rection.   In this case the record shows that most of the
witnesses were residents of Naples, where the wrong, if
any, was committed, and that the fact would be so was
to be anticipated.   This court has not the means of de-
termining that it was not, on the whole, more convenient
and less expensive, for that or other reason, to have the
cause tried in Brown county rather than in Scott or any
other in the same circuit.   If the circuit court of Brown
county—which was a court of record of competent juris-
diction to try such a cause against any party properly
before it—was also reasonably convenient, the presiding
judge of the circuit court of Scott county had power to
send the cause to it for trial, and the refusal to remand
it was not error.   We see no abuse of discretion in sending
it there.

"It is to be further observed that appellant, who was
the real wrongdoer charged and principal defendant in
the action as originally brought, appeared, plead and
made defense to it, and to the amended declaration also,
moved for a continuance and submitted to trial.   His case
is therefore quite unlike that of *Herkimer* v. *Sharp*, cited
from 5 Bradw. 620, in which, however, it was said that
if the defendant, against whom judgment was taken by
default, after dismissal of the suit against the party resi-
dent and served in the county where the action was
brought, had pleaded to it, as appellant here did, he
would thereby have conceded the jurisdiction and been
bound by the judgment.

"The affidavits for continuance, whether under the
statute or addressed to the discretion of the court, were
materially defective.   They set forth the absence, by rea-
son of illness, of the defendant and of Mr. DeLeuw, one
of his counsel, and of two witnesses in Pike county for
whom subpœnas had been issued and returned not found.
The court took notice of the fact that the defendant had
been a witness on the former trial and testified only to
the directions he had given his agents as to the conduct

of the business entrusted to them, which was immaterial. He knew nothing of what occurred at Naples. The counsel who conducted this trial on his behalf had also, in conjunction with Mr. DeLeuw, conducted the former trial, and no reason was shown for supposing that he needed any assistance on this, or that his client was prejudiced by the want of it. The witnesses from Pike county were wanted to prove only that the two-gallon jug, when found, was full. The coroner testified that when produced before him it was nearly so. But what if it was entirely full? The evidence was abundant that when Parker left appellant's saloon he was drunk, and needed nothing from the jug to make him so. The motion for a continuance was therefore properly overruled.

"As to the instructions, the complaints are that the court told the jury that if the material allegations of the declaration were proved by a preponderance of the evidence, without stating what were the material allegations, they should find for the plaintiff. It is true that in the instruction given for plaintiff they were not stated, but in the first given for defendant they were fully and numerically set forth, which cured the alleged defect. (*Toledo, St. Louis and Kansas City Railroad Co.* v. *Bailey*, 145 Ill. 159.) The refused instruction asked by defendant was fully given in others.

"We are of opinion that the verdict was clearly right upon the evidence, and that no error of the court complained of, if rightly complained of, would warrant a reversal of the judgment. It will therefore be affirmed."

This opinion correctly states the facts in this record, and we concur in the conclusions of law. The judgment is affirmed. *Judgment affirmed.*