## Chicago & Alton R. R. Co. v. John Harrington.

1. JURISDICTION—*Not Lost by Erroneously Refusing a Change of Venue.*—To erroneously deny a change of venue is like any other error which may be corrected in the court where the error is committed, or on appeal or writ of error. The jurisdiction still exists, no matter how gross the error may be in denying the application.

2. SAME—*Where the Court Denies a Petition for a Change of Venue on Account of the Prejudice of the Presiding Judge.*—A court commits no reversible error by denying a petition for a change of venue on account of the prejudice of the presiding judge and retaining jurisdiction of the cause until the trial occurs before a different judge, against whom no objection is made, and the applicant sustains no injury by reason of the failure to transfer the cause to a different court.

3. INSTRUCTIONS—*Calling Attention to the Declaration for the Facts.*—It is sufficient in an instruction to call the attention of the jury to the declaration, where the facts necessary to make the plaintiff's case are alleged.

4. SPECIAL INTERROGATORIES—*Calling for Findings of Evidentiary Facts.*—Special interrogatories calling for findings upon evidentiary facts only, are properly refused.

**Trespass on the Case,** for personal injuries. Appeal from the City Court of East St. Louis; the Hon. BENJAMIN D. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

CHAS. P. WISE, attorney for appellant.

F. C. SMITH and M. MILLARD, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an action on the case brought by appellee against appellant to recover damages for injuries received by appellee, on account of the negligence of the servants of appellant in leaving open a certain switch, connecting with a lead track in the freight yards of the Clover Leaf Railroad, in East St. Louis, whereby appellee was severely injured by a collision of the cars. The case has been here before, when we reversed the judgment and remanded the cause

C. & A. R. R. Co. v. Harrington.

for a new trial, and it is reported in 77 Ill. App. 499. By referring to the case as reported, a full statement as it then was, will be found; and as the errors for which the judgment was reversed have been obviated at the last trial, the only matters requiring our attention are such as have accrued since the former trial, which are few, as the case now is not different in its main features from what it was when here before.

After the case was remanded and docketed in the city court, appellant caused a petition to be filed in vacation, for a change of venue on account of the prejudice of the inhabitants of the city of East St. Louis against it, and filed affidavits in support of the petition. Notice was given appellee of the hearing on the petition, but he at that time filed no counter affidavits, and the judge of the court on the hearing on the 26th of November, 1898, refused to change the venue, and appellant excepted to the ruling. At the December term of the court, which followed soon after, the court set aside the order refusing the change, and permitted appellee to file counter affidavits, and on the hearing of the affidavits on both sides, denied the motion to change the venue, and appellant excepted to the ruling at each hearing, and assigns the rulings as error.

The contention of counsel for appellant is not that the court erred in the ruling when all of the affidavits were considered, but that it had, at that time, no jurisdiction of the case, it having lost its jurisdiction on November 26th previous, when appellant presented its petition and affidavits, and appellee had failed to present any counter affidavits, so that thereafter the court could make no further orders in the case. The argument in support of the contention is not sound, since if it should be conceded that the court erred in the order made in vacation, it by no means follows that there was a loss of jurisdiction of the case. It may well be asked in this connection, to what other court had the jurisdiction gone? If the city court lost jurisdiction of the case, some other court must have gained it, because section 2 of chapter 146 of Hurd's Revised Statutes of 1897 contemplates that

the judge to whom the application for a change of venue is made, shall, if the change is made, determine to what court the cause shall be sent.   Stringham v. Parker, 159 Ill. 304.

An order granting a change of venue and specifying the court to which the cause shall go is, in its effect on the question of jurisdiction, very much different from an order denying the change.   Whether the order of a court granting a change of venue is erroneous or otherwise, it invests the court to which the change is made with complete jurisdiction of the case.   (See section 17 of above chapter 146.) To erroneously deny a change of venue, is like any other error which may be corrected either in the court where the error was committed or on appeal or writ of error.   The jurisdiction still exists, no matter how gross the error may be in denying the application.   If there was error in denying the application for a change of venue in the first instance, it was cured by the counter affidavits which were subsequently filed.   No complaint is made as to the court's refusal to grant a change at the December term of the court.

After the denial of the first application for a change of venue, a further application by petition for a change of venue was filed by appellant on account of the prejudice of the judge of the city court.   The court likewise denied this application, at the same time stating as a reason for the denial, that he had made arrangements with another judge to hold the court.

It is urged by counsel for appellant that on the filing of the petition the court should have directed a change of venue to some other city court, or to some other court of competent jurisdiction in the same county or other convenient county, in accordance with section 2 of the chapter of the statutes above referred to.   The case of Myers v. Walker, 31 Ill. 353, is a case in its essential features like this case, and in that the court said :

"The application for a change of venue was based upon an affidavit that the party feared he could not obtain a fair trial before the judge then presiding.   And whilst the venue was not changed to another circuit, a trial was had before a different judge against whom there was no com-

plaint. This practically accomplished all that was sought by the application for a change of venue. When the reasons for a change of venue ceased to exist, the necessity and the right to a change of venue also ceased. The party obtained a trial before another judge, against whom he made no objection, and he has sustained no wrong by a failure to transfer the cause to a different circuit." See also C., B. & Q. R. R. Co. v. Perkins, 125 Ill. 127.

The court, by denying a change of venue, retained jurisdiction of the cause, and when the trial occurred a judge presided against whom no objection was made, and appellant has sustained no wrong or injury, by reason of the failure to transfer the cause to a different court. There is no available error in the denial of a change of venue for either cause stated.

It is insisted by appellant's counsel that the court erred in giving plaintiff's instructions Nos. 1, 2, 5 and 6.

The first instruction is as follows:

"The court instructs the jury that if the jury believe from the evidence that the injury complained of in this case resulted from the defendant's negligence as charged in the declaration, and that the plaintiff was exercising ordinary care for his own safety before and at the time of his injury, the defendant is liable and the plaintiff is entitled to a verdict."

The objection to it is that "it does not explain and state to the jury the facts from which a conclusion of law is to be drawn." It does not in terms explain and state the facts, but the attention of the jury is called to the declaration, where the necessary facts to make a case are alleged, and that is sufficient. Such an instruction is often given, and so far as we know, it has never been held to be error to give it.

Plaintiff's second instruction is as follows:

"If the jury believe from the evidence in this case that on the 27th day of January, 1897, the plaintiff was in the service of R. B. Pierce, receiver of the Toledo, St. Louis & Kansas City Railroad Company, as a switchman at his yard in East St. Louis;

And if the jury believe from the evidence that on the

morning of January 28, 1897, the plaintiff was riding upon the foot-board of an engine, used by said receiver in his yard at East St. Louis, pushing two cars in his said yard, between the engine and the car next to it;

And if the jury further believe from the evidence in this case that at said time the plaintiff was in the service of said receiver, in the proper discharge of his duty as such switchman;

And if the jury further believe from the evidence in this case that the plaintiff was exercising ordinary care in riding upon the foot-board of said engine while in the discharge of his duty as such switchman, and that said foot-board was a proper place for the plaintiff to ride at said time in the discharge of his duty as a switchman;

And if the jury further believe from the evidence in this case that whilst the plaintiff was so riding upon said foot-board in the discharge of his said duty, he was exercising due care for his own safety and in the proper discharge of his duty as such switchman;

And if the jury believe from the evidence in this case that whilst plaintiff was so riding upon said foot-board of said engine, the cars so being moved by said engine collided with certain other cars and that the plaintiff was injured thereby;

And if the jury further believe from the evidence that defendant's servants placed said cars, so collided with, in said yard, so that one of said cars overlapped the main lead in said yard, and left the switch open, connecting the track on which said cars were placed with said main lead track;

And if the jury further believe from the evidence that defendant's said servants did not exercise ordinary care in placing said cars upon said track so that one of them overlapped said main lead track, and in leaving said switch open;

And if the jury further believe from the evidence that the cars so being pushed by said engine were caused to collide with said cars, so placed upon said track by defendant's servants, directly because said cars overlapped and said switch was so left open;

Then the jury should find the defendant guilty."

At the request of appellant the court gave to the jury the following instruction:

"5.    In this case, if the jury believe from the evidence that the plaintiff was working as a switchman in the yards

of the Toledo, St. Louis & Kansas City Railroad Company, and at the time of the injury to him he was one of a crew working in the yards of said company, and said crew were returning from the outer yard of said road to the yards at East St. Louis near the river, and that the engine was pushing two or more cars ahead of it on the track of said railroad, and that it was a snowy or disagreeable morning; and you further believe that the plaintiff voluntarily placed himself in front of the engine, between it and the car next to it; and you further believe from the evidence that while he was in such a position the said cars which the engine was pushing, collided with certain other cars left in the yards of said Clover Leaf Railroad by certain employes of the Chicago & Alton Railroad; and you further believe from the evidence that it was the custom or practice on the part of the employes of the Chicago & Alton Railroad, in leaving cars in the yard of the Clover Leaf Railroad, to put the cars on whatever switch they found and to leave the switch as it was then used; and you further believe from the evidence that it was the duty of the employes of the Clover Leaf Railroad, in traveling as they were traveling at this time, to be on a constant lookout to ascertain whether any cars had been left in the yards after their departure, and to ascertain the condition of the switches, and to ascertain whether any cars projected on the track; and you further believe from the evidence that the servants in charge of the Clover Leaf train were not exercising care to ascertain the condition of the switches, or whether any cars were where they were likely to strike them; and you further believe from the evidence that the plaintiff in this case had voluntarily placed himself between the engine and the car ahead of it, and that such place was a place of danger, and was a place where he need not have been, and he was negligently there; and you further believe from the evidence that the injury was caused, in whole or in part, by his placing himself where he was, and that if he had not so placed himself there he would not have been injured, you will find the defendant not guilty."

It is said by appellant that the instruction given on behalf of appellee, singles out particular facts; that it omits material matters of evidence, which went to make a defense on its behalf; and that the instruction is argumentative.

It is evident from the most casual observation that each

of these instructions is drawn on the same plan. If the instruction of appellee is subject to criticism of singling out facts and of being argumentative, then appellant's instruction is liable to the same censure; but we think that each instruction is substantially good. Appellee's instruction substantially informed the jury that if they should find from the evidence the facts alleged in the declaration to have been proven, then the verdict should be for the plaintiff. This manner of instructing the jury was approved in C. & N. W. R. R. Co. v. Snyder, 117 Ill. 376, and in Springfield Consolidated Railway Co. v. Hoeffner, 175 Ill. 638. Appellee's instruction merely stated the counter hypothesis of that of appellant.

It is objected, however, that four items of evidence, making for defendant, were entirely ignored by the instruction given at the instance of appellee. These items of evidence are: a rule in the stub yards at East St. Louis, permitting foreign crews to leave the switches open in delivering freight in such yards; that appellant in its dealings with the Clover Leaf road had always made deliveries in that way; that the train was run at too great a speed, on a dark, windy and snowy night, so as to prevent the persons in charge of the engine from seeing the open switch; and the fact that the crew in charge of the engine must be on constant watch for switches, and have the engine under control.

It is true that appellee's instruction does not in terms refer to these items of evidence, but it does submit to the jury the question whether appellee was in the exercise of ordinary care for his own safety while riding on the footboard, and whether there was negligence on the part of appellant in leaving the switch open. These four items of evidence were mere evidentiary facts bearing on the questions of appellant's negligence and appellee's care. If the language of appellee's instruction was general with reference to these matters, the instruction given on behalf of appellant presents the same things in detail. The jury could not pass on the question of appellee's negligence unless they took into account the existence or non-existence

of the alleged custom with reference to the switches, neither could they pass upon the question of appellee's care for his own safety, unless they likewise considered these four items of evidence.

Each instruction goes to the same point, directed by the counter theories of the parties. Neither party could have any good reason to complain of the action of the court, if both instructions had been erroneous, as they must have been, if one was. We are unable to see any fault in either of the instructions.

Plaintiff's fifth instruction related solely to the measure of damages, in case the jury found from the evidence that defendant was guilty, and they were told by it that in such case the plaintiff was entitled to recover for any bodily pain he may have suffered, for loss of earnings, and for medical expenses and nursing, made necessary on account of the injuries as shown by the evidence. The fact that the plaintiff received severe and lasting injuries was not controverted, and we are unable to discover any serious fault in the instruction; nor can we discover any fault in plaintiff's sixth instruction.

Of the twenty-five errors assigned on the record, one is the refusal of the court to give the last thirteen of defendant's twenty-eight instructions. Counsel for appellant gives no reasons why any of the thirteen refused instructions should have been given, and as we are unable to discover any, and as the jury were bountifully instructed by the fifteen instructions given at the request of appellant, we must hold the court did not err in refusing the instructions or any of them.

We find no error in the rulings of the court on the introduction of evidence.

The defendant requested the court to submit to the jury the following interrogatories, viz. :

" 1st. Would it not have been safer if plaintiff had placed himself on the rear foot-board of the engine on the night in question, as the train was entering the yard of the Clover Leaf ?

2d. Did the act of plaintiff, in negligently placing him-

self on the foot-board of the engine next to the car, contribute to cause the injury?

3d. Was the accident to the plaintiff caused by the negligence of one Fox, who was on the first car of the train?

4th. Did the plaintiff know that Fox was looking to the north instead of to the west, as the train was going into the Clover Leaf yard?

5th. Was the plaintiff an experienced switchman, and did he voluntarily and negligently place himself where he was at the time of the accident?

6th. Did the plaintiff when he placed himself on the foot-board of the engine while the engine was east of the Wabash, Alton and Big Four main tracks and going into the Clover Leaf yards unnecessarily place himself in a dangerous place?"

The court refused all of the interrogatories and on its own motion submitted the following to the jury, viz.:

"If you find a general verdict for the plaintiff in this case, you will also answer and return with your verdict the following questions:

1st. Did the act of the plaintiff, John Harrington, in placing himself on the foot-board of the engine next to the car, contribute to cause the injury he received?

2d. Was the plaintiff, John Harrington, using proper care for his own safety by being upon the foot-board of the engine between the car and the engine when he was injured?"

To the first question the jury answered "No," and to the second the jury answered "Yes."

Of defendant's interrogatories, the first was properly refused, since any answer to it, if in the affirmative, could not have controlled a general verdict, had it been in favor of appellee.

The second interrogatory assumed that plaintiff was negligent, and therefore it was properly refused.

There was no error in refusing the third interrogatory as it called for an evidentiary fact only, and so could not have controlled a general verdict for appellee.

Although Fox and appellee were fellow-servants of a common master, and engaged in the same line of duty, yet that master was not appellant; hence, the fact that they were fellow-servants could not be availed of by appellant to pro-

tect itself against the negligence of Fox, if appellant's negligence contributed to the injury. If the inquiry had been as to whether the negligence of Fox was the sole cause of the injury, the condition of the matter would have been different from what it now is. Although the negligence of Fox might have caused the injury, yet the negligence of the servants of appellant might also have contributed to the injury, and an affirmative answer that did not fully negative the latter, would have established an evidentiary fact only. '

The reasons given why the court did not err in refusing to give the third interrogatory, apply as well to the fourth interrogatory.

The two interrogatories submitted by the court on its own motion, contain all that was important of appellant's fifth and sixth interrogatories, hence no error was committed in refusing to submit to the jury appellant's interrogatories.

It is assigned for error that the damages are excessive, and that the court should have sustained appellant's motion for a new trial for that reason. There can be no doubt from the evidence that appellee received very severe injuries from which he can never fully recover. The recital of the pain and suffering he has undergone doubtless awakened in the jury a feeling of sympathy that they were unable to fully control, and it is but natural that it should be so; but the error, if any, committed by the jury in finding a verdict in favor of the plaintiff for $14,000 damages, has, in our opinion, been cured by a remittitur of $4,000, as required by the court, and as we find no substantial error in the record, the judgment is affirmed.