## American Car & Foundry Company v. William Hill, by next friend.

1. NEGLIGENCE—*special demurrer essential to determine whether charge of, sufficiently specific.* A special demurrer is essential to raise the question as to whether the negligence urged is sufficiently alleged by being charged against the corporation defendant without averring that it was so negligent "by its servants and agents."

2. CHANGE OF VENUE—*only one, will be allowed by virtue of statute.* Only one change of venue can be had and the granting of one application precludes the allowance of another.

3. CHANGE OF VENUE—*when complaint as to judge presiding at trial after granting of, will not be sustained.* Where the judge called in to try the cause was qualified under the law, the fact that there was another judge of the same circuit or judges of other circuits who might have been called in, does not affect the jurisdiction of the court to hear the cause.

4. CONTINUANCE—*when affidavit presented upon application for, defective.* An affidavit for continuance is defective in not stating in what manner the presence of a witness in court could be of assistance to counsel, other than as a witness, where the presence of such witness in addition to his testimony was made the basis of the application.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

ALEXANDER W. HOPE, for appellant.

J. M. BANDY and KEEFE & SULLIVAN, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellant owned and operated a manufacturing plant in which were constructed railroad cars.. A part of the plant consisted of a large shed, 400 feet long, 200 feet wide, and 20 feet high. The frame was made of heavy upright posts arranged in rows across the building, connected together by heavy timbers or sills —the rows of posts being about 20 feet apart—and

each post with its connecting timbers formed what is called a bent. The shed had been sided with old material and covered with a tar-paper roof. For several days prior to the injury complained of, appellant had been engaged in tearing down—wrecking—this building, and when appellee was put to work at the place where he was injured the roof and siding had been entirely removed and only the skeleton or frame-work remained. Tar-paper from the roof, boards and other debris was scattered over the ground throughout the building, and appellee, with others, was directed to gather up this refuse material, load it on a truck and wheel it away. Appellee was between sixteen and seventeen years of age and, at the time of his injury, had been in the employ of appellant for nine months as an errand boy and in taking the numbers of car-wheels, as they were moulded, a duty appertaining to the shipping department. He was a member of the shipping gang, under the direction of a foreman named Howard. On the day of the injury Howard directed appellee to work with other men under Deitz, another foreman, engaged in removing the debris scattered over the floor or ground of the shed. While appellee was at work with the other men in the southwesterly part of the building, the wrecking gang began at the southeasterly corner (200 feet away) to take down the frame-work. The wrecking gang was under foreman Kenner. The wrecking gang began at the corner, intending to take down one bent at a time. Each tier of bents was fastened to the next tier north by stringers or cross-ties, the whole series of bents being so arranged that when the southeasterly bent was detached, it caused not only the entire south tier of bents to fall, but also brought down two tiers north, causing the fall of almost one-fourth of the entire frame-work of the building. Appellee was severely injured by the falling timbers. Suit was brought in an action on the case for damages, tried by a jury, which found for the

plaintiff for $1,999, upon which judgment was rendered, and from which defendant appealed.

The declaration contains one count, which alleges that plaintiff was employed by defendant and was inexperienced in the line of work to which he was put; that it was "the duty of defendant to see that the place where plaintiff was required to work was in a reasonably safe condition, and to use ordinary care to avoid subjecting plaintiff to peril not obvious to the employe and which was unknown to him." It then alleged that the defendant negligently detached and pulled down certain pieces of timber in such manner as to cause timbers to fall upon the plaintiff, injuring him.

The first contention by appellant is, that the action being against a corporation and so alleged, that the averment of negligent acts by the defendant is not sufficient, and that it should have alleged that the negligent act was done by the agents or servants of defendant. Whatever there is in this point, or other objections based upon the sufficiency of the declaration, is cured by verdict. The defendant, and not its servants, is charged with negligence, and if more specific averment as to the servants or agents by whom the act was done, were required, a special demurrer might have been interposed. Nor was it necessary, under this form of allegation, to further aver that the other servants of defendant were not fellow-servants of the plaintiff. Libby v. Sherman, 146 Ill. 540, is a case in point and conclusive of appellant's contention respecting the declaration and the relevancy of the evidence admitted thereunder. We quote from the opinion, page 548: "They (the allegations of the declaration) are that the defendant, that is, the corporation itself, negligently, did the acts complained of, allegations which exclude, *ex vi termini*, the theory that they were performed by parties for whose conduct the defendant was not responsible." At most, as stated by the court in Mott v. Chicago M. El. Ry. Co., 102 App. 416, where

a like contention was urged: "We are of opinion that the original declaration is a defective statement of a cause of action" and will not affect the verdict. Under a declaration, by one servant, in which it is alleged that the injury is due to the negligence of another servant, as in the case of Joliet Steel Co. v. Shields, 134 Ill. 213, and Chicago Ry. Co. v. Leach, 208 Ill. 198, relied upon by appellant, the plaintiff must aver and prove that the relation between him and such servant was such as to render the master liable for the latter's negligence; but where it is alleged, as in this case, that the injury is due to the negligence of the defendant, no such averment is required, and as to the liability we look only to the evidence. Libby v. Sherman, *supra;* Cribben v. Callaghan, 156 Ill. 553.

Appellant's counsel complains bitterly that on application for change of venue, Judge Dunnegan of the City Court of Alton, instead of the one remaining qualified circuit judge, was called in to try the case. The application was made on the day before the case was set for trial. The prayer of the petition was granted and Judge Dunnegan called in. No objection was then made by appellant's counsel who was present. The next day, when the case was called for trial, a second application for change of venue was made upon like grounds as the first, viz., the prejudice of the judge. The motion was properly denied for the reason, that the statute allows but one change of venue. The only effect of granting the change of venue on the application in this case was to disqualify two of the circuit judges named in the petition, and in doing this appellant exercised and exhausted his right under the statute respecting his choice of venue or of the judge who may preside at the trial. The case was tried in the Circuit Court, where it was pending, by a judge qualified under the law, and the fact that there was another judge of the same circuit, or judges of other circuits, who might have been called in, does not affect the jurisdiction of the

court, and so far as disclosed by the proceedings, appellant's right to a fair trial was not prejudiced by what was done. We think the case of C. & A. R. R. Co. v. Harrington, 192 Ill. 18, cited by appellant, is in point and against appellant's contention. Under the doctrine of that case, the necessity for passing upon the first motion for change of venue could have been obviated by calling in Judge Dunnegan. If this may be done before motion granted, there is no reason why it may not be done afterwards, and as therein stated, "this arrangement, the calling in of an outside judge, rendered a change of venue unnecessary." It was held in Stringham v. Parker, 159 Ill. 304, that the presiding judge, from whom a change of venue is taken on the ground of prejudice, is to determine to what county the case shall be transferred; and if to what county, may he not within the exercise of a judicial discretion, as in all other cases for trial, call in another judge? The fact that there was another circuit judge of that circuit who was qualified to try the case in no wise affected the legality of the trial by Judge Dunnegan. The affidavit in support of appellant's motion for a continuance was defective in not stating what was expected in the testimony of the absent witness Deese, nor in what manner his presence in court could be of assistance to counsel, other than as a witness. For this reason the court might have denied the motion. Nevertheless, the affidavit was admitted and read in evidence and appellant had the benefit of the affiant's conclusions as to facts, as though the absent witness would have sworn to them, and may not therefore complain. We do not think the court abused its discretion or that appellant was prejudiced by denying the motion.

We find no substantial error in the court's rulings upon the testimony, nor the giving, refusing or modification of instructions. As already stated in this opinion, the declaration alleges a cause of action in terms and by averments sufficiently comprehensive to

admit the evidence offered in support. There was evidence tending to prove all the material allegations of the declaration, and unless there was substantial prejudicial error in the proceedings, the verdict is conclusive of the facts and must stand. Whether appellant was negligent in the manner of taking down the building, whether appellee was in the exercise of due care for his own safety, or, with knowledge of the dangers, assumed the risk, whether the injury received was caused by appellant's negligence, as charged, the extent of it and amount of damages to be assessed, were all questions properly submitted to the jury under the evidence in this case. Under the facts and circumstances shown by the evidence we do not think the fellow-servant doctrine is involved, nor is that of assumed risk, as applied in the case of Clark and Loveday v. Liston, 54 App. 578. The judgment of the Circuit Court will be affirmed.

*Affirmed.*