PETER F. FERRACUTI, Plaintiff-Counterdefendant-Appellant, *v.* CAROLYN FERRACUTI, Defendant-Counterplaintiff-Appellee.

(Nos. 73-209, 73-285 cons.;

Third District—April 4, 1975.

*Rehearing denied May 12, 1975.*

Robert E. White, of Ottawa, William Gunner, of Dixon, and Jenner & Block, of Chicago, for appellant.

Marilyn S. Barton, of Marseilles, and G. James Arnett, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

A decree awarding a divorce to the plaintiff husband on his complaint

after a hearing in which the defendant wife did not appear was thereafter set aside on the wife's petition before a different judge on the theory that the decree was entered without jurisdiction and was therefore void. Pursuant to Supreme Court Rule 308 upon our grant of leave to appeal (Ill. Rev. Stat. 1969, ch. 110A, par. 308) the husband appeals from the order setting aside the divorce decree (73-209). The husband also appeals (73-285) from the same order under Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, par. 304).[1] Both notices of appeal have been consolidated here.

The litigation originated on the husband's complaint for divorce on the ground of mental cruelty which was filed in the circuit court of the thirteenth judicial district on August 21, 1970. The wife's attorney sent a letter to the plaintiff's attorney dated September 14, 1970, informing him that the defendant was going to file a motion for a change of venue. On September 25, 1970, the defendant filed a motion entitled "Motion For Change of Venue to Another Circuit." In the motion she alleged that she was asking a change of venue from the thirteenth judicial circuit to another circuit in the State on the ground that her husband, a lawyer practicing in the thirteenth circuit, was "professionally and personally acquainted with the various presiding judges of said Circuit," and that she might not be able to obtain a fair trial. She therefore requested that the case be transferred to another circuit for the hearing of all the matters. In her prayer she again asked that the matter be transferred to another judicial circuit, or in the alternative that the matter be submitted to the court administrator for the purpose of reassignment to a circuit so designated by the administrator.

On September 25, 1970, Judge Walter Dixon, then Chief Judge of the thirteenth judicial circuit, ruled on the motion and ordered "that a change of venue in the above matter is hereby granted from all of the judges of the Thirteenth Judicial Circuit and this case is hereby assigned to the Honorable James E. Bales, Chief Judge, Fifteenth Judicial Circuit, Lee County, Dixon, Illinois."

Contrary to the defendant's claim that nothing in this case was done in Lee County, on September 29, 1970, the defendant filed, in Lee County, an answer and counterclaim for separate maintenance. Thereafter counsel for the defendant appeared before Judge Bales of the fifteenth circuit, filing interrogatories, a motion to produce, a motion to withdraw and a

---

[1] This appeal under Rule 304 is from the trial court's grant of Section 72 relief in voiding the divorce decree. The defendant has filed a motion to strike the plaintiff's petition for leave to appeal under Rule 304. We deny the defendant's motion, finding that although the grounds raised in the section 72 petition were ignored by the court, the relief requested in that petition was granted.

motion to fix attorneys' fees. On July 9, 1971, Judge Bales sitting in Lee County granted the plaintiff a divorce in an ex parte hearing, finding that although the wife failed to appear she had received due notice of the **hearing.**

On July 17, 1972, the wife filed a petition for a temporary injunction to restrain her husband from remarrying during the pendency of her petition to vacate the divorce decree. This petition was denied and thereafter the plaintiff remarried.

On September 5, 1972, the wife filed a petition to vacate, set aside and reopen the divorce. This petition was based on her contentions that the divorce granted by Judge Bales was groundless, in disregard of the State's duty to protect marriage, granted without corroborating testimony, granted in derogation of her rights under the equal protection and due process clauses and fraudulently obtained. On June 6, 1973, the wife filed a motion to declare the divorce decree void on the ground that Judge Bales exceeded his jurisdiction under the divorce act by granting a divorce without hearing reliable witnesses. And on June 6, 1973, the wife filed a motion for a default judgment for failure of the husband to answer her petition to vacate. In this motion the defendant made the claim that the divorce was void because Judge Bales exceeded his authority in granting a divorce in a county where neither party lived.

On May 31, 1973, the various motions filed by the wife were heard before Richard Mills, a judge of the thirteenth judicial circuit who had been specially assigned by the supreme court. On July 9, 1973, Judge Mills held that Judge Bales had no jurisdiction to act on the subject matter in the case and to render the divorce judgment and that therefore the divorce decree was void. Judge Mills also found that his ruling rendered moot the other motions filed by the wife.

Judge Mills reasoned that the order of September 25, 1970, was not a change of venue but that Judge Dixon had temporarily assigned Judge Bales out of the fifteenth circuit where he presided and into the thirteenth judicial circuit. Judge Mills then held the divorce decree void because the assignment was not made by the supreme court, which was vested by the constitution, article VI, section 2 of the Illinois Constitution of 1870 (the constitution in effect at the time of the transfer), with the sole authority to temporarily assign judges from one circuit to another, and thus, Judge Bales had no jurisdiction to enter the original divorce decree. We do not agree with this rationale.

The order of September 25, 1970, was clearly a change of venue from all of the judges of the thirteenth judicial circuit. It was granted at the wife's request and on her motion. The "assignment" to Judge .Bales was in effect a transfer of the case to the venue of the fifteenth judicial circuit

addressed to him in his capacity as Chief Judge. The use of the word "assignment" in the transfer order, in our view, was given greater emphasis than it deserved when the record is viewed as a whole. The order should be construed within the context of the defendant's motion which accompanied it. The motion was entitled "Motion For Change of Venue to Another Circuit"; at several places in the body of the motion the defendant referred to the change of venue to another judicial circuit, and the primary relief sought was a venue change. The alternative prayer for reassignment was not granted in the order entered. (See *Attorney General v. Pomeroy* (1937), 93 Utah 426, 73 P.2d 1277, 1286; 56 Am.Jur. 2d *Motions, Rules, and Orders* § 29 (1971). Cf. *Bernhardt v. Fritzshall* (1973), 9 Ill.App.3d 1041, 1047.) As Chief Judge, Judge Bales could have assigned the case to another judge in his circuit to hear or could have assigned it to himself as he did pursuant to his administrative authority under Supreme Court Rule 21. Ill. Rev. Stat. 1969, ch. 110A, par. 21.

■■ The order granting a change of venue and specifying the court to which the case shall go even if it is erroneous invests the receiving court with complete jurisdiction of the case. *Chicago & Alton R. R. Co. v. Harrington* (1900), 90 Ill.App. 638, 640, *aff'd*, 192 Ill. 9. See also *People of State of California v. Western Tire Auto Stores, Inc.* (1965), 32 Ill.2d 527, 530.

The fact that Judge Bales' name was inserted in the order is no indication, as defendant seems to suggest, that the order thereby became an assignment of that judge into another circuit. Under section 2 of the Venue Act a change to "some other judge in the same county, or in some other convenient county," is contemplated. Ill. Rev. Stat. 1969, ch. 146, par. 2.

Defendant's present counsel has made the further contention in oral argument that article VI, section 2 of the Illinois Constitution of 1870 (as amended January 1, 1964) limits the authority of a judge to transfer a case pursuant to a petition for a change of venue to a transfer within a circuit and does not permit a transfer to a county outside of the circuit. Prior to 1964, the effective date of article VI, section 2 of the Illinois Constitution, section 2 of the Venue Act was held to empower circuit judges to transfer cases outside of their circuits to other convenient counties. (*Stringam v. Parker* (1896), 159 Ill. 304, 309.) Since the subject coverage of article VI, section 2 of the Constitution is confined to the temporary assignment of judges, it does not, as the defendant contends, limit the authority of judges to transfer cases to counties outside of their circuits pursuant to section 2 of the Venue Act.

■ Moreover, defendant has waived any claim of mere irregularities in

Judge Dixon's order by reason of her general appearance by counsel before Judge Bales following her motion for a change of venue to another judicial circuit. *DuQuoin Water-Works Co. v. Parks* (1903), 207 Ill. 46, 49; *Chicago, Peoria & St. Louis Ry. Co. v. Lewis* (1892), 48 Ill.App. 274, 282; Ill. Rev. Stat. 1969, ch. 146, par. 17.

For the reasons stated the judgment below is reversed. We do not therefore rule on the arguments based on what we consider the false assumption that the order of September 25, 1970, in effect, was an attempt to appoint an out-of-circuit judge to hear the case in the thirteenth judicial circuit rather than a change of venue to the fifteenth judicial circuit.

When Judge Mills ruled that the divorce decree was void for lack of jurisdiction he mooted various motions of the wife which were in the nature of section 72 petitions (Ill. Rev. Stat. 1969, ch. 110, par. 72). Consequently he did not rule upon the wife's claim that the decree had been fraudulently entered and was therefore void. Defendant took no cross-appeal and has not argued the subject matter of these motions in brief and argument before this court. In the event, however, that the motions should be considered as requiring disposition in view of our reversal of the judgment below we will comment on them briefly.

■■ The grounds stated in the motion are essentially that defendant mistakenly believed that Judge Bales had continued the hearing, and that the decree, although ex parte entered on complaint and answer, was based on uncorroborated and unreliable evidence which was insufficient to prove a case for mental cruelty. It is clear from the record that there is no possible basis to support a mistaken belief that the hearing would be continued as defendant was advised by letter to the contrary. The other claims which amount to evidentiary errors may not be reached in section 72 proceedings. See *McDonald v. Neale* (1962), 35 Ill.App.2d 140, 144-5.

The defendant also urges in one of the motions that plaintiff committed fraud in allegedly referring to defendant as his wife subsequent to the divorce decree which thereby induced a mistaken belief that the hearing had not been held. This also lacks merit. It is clear from the record that, as Judge Bales found, defendant had ample notice of the divorce hearing. Her failure to defend on the merits could not be said to be the result of the alleged misleading reference. This is not the type of conduct which may be redressed by voiding the decree in a section 72 proceeding. See *Brunswick v. Mandel* (1974), 59 Ill.2d 502, 504.

We conclude that, on analysis, the motions do not state a case for section 72 relief and that no reasonable purpose would be accomplished by a remand to the trial court for the purpose of ruling upon these motions. We therefore deny the motions here.

There is an additional pending motion. The law firm of Barton & Barton, who represented the defendant in the trial court and initially in this court, moved to withdraw and for the allowance of attorneys' fees and expenses on appeal. The judge below took the motion under advisement, expressing doubts as to his authority to decide the issues subsequent to the filing of the notice of appeal and the docketing of the case in this court. We have permitted the withdrawal of Barton & Barton before oral argument here and have permitted the substitution of the defendant's present counsel who has argued before us. However, we have taken the motion of Barton & Barton for attorneys' fees, and the objections which have been filed both by plaintiff's counsel and defendant's present counsel, with the case. We now transfer the petition for attorneys' fees with the objections to the trial court to rule upon in its sound discretion and remand the cause for this limited purpose.

Judgment reversed, cause remanded with directions.

GUILD and HALLETT, JJ., concur.