**Renard TAYLOR, Plaintiff,**

v.

**Bruce WAGNER, Defendant.**

**No. 87 C 422.**

United States District Court,
N.D. Illinois, E.D.

Sept. 18, 1987.

**122**

Joseph M. O'Callaghan, O'Callaghan & Waller, Chicago, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel City of Chicago by Paul M. Sheridan, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before this court is defendant's motion for Rule 11 sanctions against plaintiff's counsel. For the reasons stated herein, defendant's motion is granted.

## I. FACTS

While this court was unavailable to entertain motions in August 1987, plaintiff's attorney, Joseph M. O'Callaghan, went before Judge Getzendanner, the sitting emergency judge, to present a motion to bar the testimony of a medical expert expected to testify on behalf of defendant. Previously, this court entered an order requiring parties to serve notice by July 27, 1987 of all experts expected to testify at trial. Plaintiff's counsel objected to one of defendant's experts on the ground he had not received notice of the expert until August 3, 1987, five business days later.

Ruling on plaintiff's motion to bar, Judge Getzendanner observed as follows:

> Judge Bua is famous for entering final absolute no extensions. This is five days. It's the City. I just don't see Judge Bua denying the motion.
>
> .     .     .     .     .
>
> Judge Bua traditionally enters orders saying absolutely no extensions of the schedule should be allowed. I know that he permits extensions when it's five days. I also know that he has to give public counsel, public entities, some additional leeway because they are so overworked.
>
> .     .     .     .     .
>
> I am going to deny the motion to bar.

On September 1, 1987, plaintiff's counsel appeared before this court and motioned to reconsider the previously denied motion to bar. In an apparent attempt to motivate this court to reverse the ruling of Judge Getzendanner, plaintiff's counsel made the following statement: "This motion was previously heard by Judge Getzendanner as the emergency motion judge and was denied on the basis that 'everybody knows that Judge Bua is famous for setting unrealistic schedules' or words to that effect." When plaintiff's counsel was asked in open court if he was sure Judge Getzendanner used the above-mentioned language in denying the motion, plaintiff's counsel answered emphatically in the affirmative while defense counsel vigorously disagreed.

## II. DISCUSSION

Rule 11 sanctions are appropriately imposed when a party or his attorney acts in bad faith vexatiously, wantonly or for oppressive reasons. *McCandless v. Great Atl. & Pac. Tea Co.*, 697 F.2d 198, 200 (7th Cir.1983). In the present case, plaintiff's counsel made a deliberate attempt to mislead this court as to the statements of Judge Getzendanner and the basis of Judge Getzendanner's ruling in an apparent attempt to have this court second guess her prior decision. Nothing in the transcript of the hearing before Judge Get-

zendanner even remotely resembles the representation made by plaintiff's counsel. Moreover, during the past five years this case has been pending, plaintiff's counsel has engaged in numerous discovery disputes before this court and well knows this court exhibits great flexibility and understanding regarding deadlines. Indeed, the fact this case has been pending since 1983 underscores this court's repeated generosity regarding deadlines to both sides. Under the rather unique circumstances in this case, plaintiff's counsel knew his motion was frivolous and attempted, in bad faith, to induce this court to reverse the ruling of Judge Getzendanner by deliberately misrepresenting the basis of her ruling. During the pendency of this case, the conduct of plaintiff's counsel has bordered on the far edge of vexatiousness on occasions too numerous to count. This type of conduct will not be tolerated by this court and will come to an end.

### III. CONCLUSION

Defendant's motion for Rule 11 sanctions against plaintiff's counsel is granted. Defendant is ordered to submit a list of costs and attorney's fees incurred in connection with plaintiff's renewed motion to bar and defendant's motion for sanctions.

IT IS SO ORDERED.