LINDA WASHINGTON *et al.*, Plaintiffs-Appellants, v. ALLSTATE INSUR-ANCE COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 87—3090

Opinion filed October 5, 1988.—Rehearing denied November 15, 1988.

Kenneth N. Flaxman, of Chicago, for appellants.

Vincent P. Cook and Mark B. Ruda, both of Condon, Cook & Roche, of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, Linda and John Washington, brought a breach of contract action against defendant, Allstate Insurance Company, in the circuit court of Cook County for denying their claim on a policy of automobile insurance for the theft of the insured vehicle, a 1982 Mercedes Benz 380 SL. On June 29, 1987, after the plaintiffs presented their case in chief, the trial court granted defendant a directed verdict. On July 14, 1987, defendant presented its motion for attorney fees and costs under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The trial court continued the motion for hearing to August 31, 1987, on which date it awarded defendant attorney fees and costs of $27,182.24. Plaintiffs appeal that award.

■ Preliminarily, we must address defendant's motion to dismiss the appeal on the grounds of plaintiffs' failure to file an adequate record to decide the issue presented. (See *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) Defendant relies on plaintiffs' failure to file a transcript of the trial proceedings and transcripts of the hearings of July 14, 1987, and August 31, 1987. Contrary to defendant's assertion, with respect to the latter hearing, plaintiffs did file that transcript pursuant to a stipulation under Supreme Court Rule 327 (107 Ill. 2d R. 327). Plaintiffs assert that the transcript provides a sufficient record on which to decide their appeal. We agree.

Section 2—611 requires that every pleading, motion or other paper be signed either by an attorney representing a party or the party himself when proceeding *pro se*. It then provides:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include *** the amount of the reasonable expenses incurred." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

An award under section 2—611 is subject to an abuse of discretion

standard. *Perlman v. Time, Inc.* (1985), 133 Ill. App. 3d 348, 355, 478 N.E.2d 1132.

Defendant's section 2—611 motion for attorney fees and costs asserted that allegations in plaintiffs' complaint and the amendment thereto were made without reasonable cause and were found to be untrue by the trial court on June 29, 1987. It further asserted that the finding of falsity was the basis for the trial court's entry of directed verdict in defendant's favor. Those allegations were: (1) plaintiffs were the owners of the Mercedes Benz automobile; (2) plaintiffs acquired the automobile on or about October 4, 1982; (3) plaintiffs performed all the conditions under the terms of the insurance policy issued by defendant; (4) on or about October 24, 1982, the automobile was stolen; (5) plaintiffs performed all tasks required of them under the insurance policy, specifically, they submitted a sworn proof of loss and submitted to examination under oath by defendant's attorneys; (6) the reasonable value of the automobile was $39,000; (7) defendant's course of conduct in denying plaintiffs' claim constituted a pattern of vexatious and unreasonable delay; and (8) plaintiffs held and maintained an insurable interest in the automobile. This last allegation was an amendment to the allegation in the original complaint that plaintiffs owned the vehicle.

Defendant asserted that the foregoing allegations were proved false during plaintiffs' case in chief. Specifically, defendant asserted that plaintiffs failed to establish: (a) the financial means to purchase the car; (b) whether the car was a convertible or hardtop; and (c) whether the purchase price of the car was $39,000, as they testified, or $44,000, as reflected in the receipt from the purported seller. Defendant asserted that these failures of proof resulted in plaintiffs' failure to establish their ownership of the 1982 Mercedes Benz 380 SL. That failure, in turn, defendant asserted, resulted in plaintiffs' failure to prove that they had an insurable interest in such an automobile, its theft from them on October 24, 1982, or that defendant had improperly denied their claim therefor. Finally, defendant asserted that plaintiffs' allegations of cooperation with defendant by submitting a truthful proof of loss and by testifying truthfully under oath were impeached at trial by the inconsistencies between their prior sworn statements and their trial testimony.

While the court agreed that plaintiffs' prior sworn statements had been "impeached" by their trial testimony, it concluded that such impeachment was not a grounds for relief under section 2—611. It found defendant's motion otherwise "in order." After hearing evidence from one of defendant's attorneys as to its costs and fees in defending the

suit, the trial court entered the judgment appealed from.

The gist of plaintiffs' appeal is that the trial court abused its discretion in granting defendant's section 2—611 motion after ruling that only plaintiffs and an agent of defendant, John Saletta, would be allowed to testify at trial that they had seen the Mercedes Benz. That order was entered pursuant to defendant's motion to exclude witnesses at trial and defendant's motion *in limine.* The former sought to exclude any plaintiffs' witnesses who might testify that they saw or rode in the insured vehicle. The latter motion sought to bar plaintiffs and their attorney, as well as any other witnesses, from testifying to having seen or ridden in the vehicle. The motions were based on the failure of plaintiffs' counsel to respond to a supplemental interrogatory requesting the names of all persons who had seen or had been passengers in the Mercedes Benz. Plaintiffs assert that it was unfair for the trial court to conclude from the evidence they were permitted to present that they had made false allegations of fact where it had previously barred them from presenting any other evidence. They conclude that the trial testimony provided an insufficient basis on which to find that they had made untrue statements without reasonable cause where the trial court excluded evidence from plaintiffs' case in chief.

We disagree.

■ The order upon which plaintiffs rely as the basis of their abuse of discretion argument did not, contrary to their assertions, prevent them from establishing a *prima facie* case entitling them to a recovery from defendant and precluding entry of a directed verdict for defendant. That order barred Mary Washington, reflected by the record to be the mother of plaintiff John, from testifying as to seeing or driving the Mercedes Benz. It also provided that only plaintiffs and defendant's agent, John Saletta, could testify to having seen the automobile. Thus, this order merely barred testimony from one of plaintiffs' proposed witnesses on one subject and limited the number of witnesses who could testify on the same subject. As such, we do not see how it could have prevented plaintiffs from adducing other evidence, testimonial or otherwise, to establish the proof of the allegations of their complaint necessary for a recovery against defendant.

The allegations of the complaint necessary for a recovery against defendant were the allegations defendant contended were untrue and made without reasonable cause, *i.e.,* that as of October 4, 1982, plaintiffs owned, or held an insurable interest in, the Mercedes Benz, the reasonable value of which was $39,000, the vehicle was stolen on or about October 24, 1982, they performed all conditions, terms and

tasks required by their insurance policy, and that defendant vexatiously and unreasonably denied their claim. To repeat, we do not see how the order complained of prevented plaintiffs from adducing evidence of these facts, which were essential to the establishment of a *prima facie* case to avoid a directed verdict after plaintiffs' case in chief.

Obviously and necessarily, the trial court found, in granting a directed verdict for defendant, that plaintiffs had failed to adduce sufficient proof of these facts to establish a *prime facie* case. However, it does not logically follow therefrom that plaintiffs failed to adduce that proof because the trial court limited the witnesses who could testify about seeing, driving or riding in the vehicle. Admittedly, the fact that witnesses had seen, driven or ridden in the vehicle would tend, by inference, to establish plaintiffs' allegations of ownership or insurable interest in the vehicle at least as of the date or dates on which such witnesses saw, drove or rode in the vehicle. However, nothing in the court order prohibited or limited plaintiffs' ability to adduce other evidence of their ownership or insurable interest in the vehicle, as well as the other allegations of their complaint, from *any* witnesses they might choose to call, including themselves and Mary Washington. Moreover, neither the order complained of nor the order continuing defendant's section 2—611 motion for hearing to August 31, 1987, in any way limited the witnesses or evidence which plaintiffs could present at that hearing to refute defendant's allegations of a violation of section 2—611.

In sum, the order granting defendant's motion to exclude witnesses and motion *in limine* did not prevent plaintiffs from proving their case at trial. As such, plaintiffs' argument that the court erred in granting defendant's motion for fees after having prevented them from proving their case is meritless.

Plaintiffs next assert that the trial court should have imposed the section 2—611 sanction against their trial counsel, at least as to those costs and expenses incurred by defendant after the filing of the amendment to the original complaint which trial counsel drafted and signed. The amendment, alleging that plaintiffs "maintained and held" an insurable interest in the Mercedes Benz, was filed after the effective date of the new section 2—611, which allows imposition of the sanctions provided therein against attorneys. Plaintiffs note that the amendment was also filed after defendant had revealed its intent to prove plaintiffs' lack of such an interest. Adopting defendant's allegation in its motion for directed verdict, they further assert that their trial counsel made the "fatal mistake" of raising but not proving their

ability to purchase the vehicle for $39,000. This evidentiary failure, they conclude, was the only basis for the grant of the directed verdict.

■ The trial court did not abuse its discretion in imposing the section 2—611 sanction against plaintiffs. The amendment filed by plaintiffs' trial counsel to paragraph 1 of the original complaint, alleging that they had an insurable interest in the Mercedes Benz, was only one allegation on which defendant based its section 2—611 motion. The remaining allegations were those contained in the original complaint filed by the plaintiffs' former counsel in 1983, when section 2—611 did not apply to attorneys. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) As such, we do not believe that the trial court should have imposed either defendant's total fees and costs or its fees and costs after the date of filing the amendment against plaintiffs' trial counsel.

There is, in addition, a more fundamental reason why the trial court did not err in not imposing the section 2—611 sanction against trial counsel. Section 2—611 allows the imposition of sanctions where an attorney or party has signed a pleading in violation of the certificate that, *inter alia*, to the best of his knowledge, information and belief formed after reasonable inquiry a pleading is well grounded in fact. As the new section 2—611 was patterned after Federal Rule of Civil Procedure 11 (Ill. Ann. Stat., ch. 110, par. 2—611, Supplement to Historical and Practice Notes, at 19 (Smith-Hurd 1988 Supp.)), we may look to Federal materials interpreting that rule in construing section 2—611.

■ The language of section 2—611 stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed. The standard is one of reasonableness under the circumstances. In evaluating the conduct of an attorney or party who signs a pleading, a court is to determine what was reasonable to believe at that time rather than engage in hindsight. What constitutes a reasonable inquiry thus may depend on several factors, including whether the signer, if an attorney, had to rely on his client for information of the facts underlying the pleading. Finally, although an attorney may violate the rule by signing a pleading, it may be appropriate to sanction the client under the particular circumstances of the case. (28 U.S.C.A. R. 11, Notes of the Advisory Committee on Rules, at 391-92 (West Supp. 1988).) Moreover, it has been held, where a motion was unsupported by existing law rather than the facts of the case, that the attorney, not the client, would be sanctioned under Federal Rule of Civil Procedure 11. The court reasoned that, while an attorney may have to rely on his client for facts, his specialty is knowl-

edge and interpretation of the law. *Blake v. National Casualty Co.* (C.D. Cal. 1984), 607 F. Supp. 189.

This case is the converse of *Blake*. Here, plaintiffs' complaint was unsupported by the facts rather than the applicable law. Moreover, we cannot say, given the record before us, that plaintiffs' trial counsel was unreasonable to the extent that he may have relied on plaintiffs to inform him of the facts underlying their complaint. We believe that this was the type of case in which an attorney must rely almost exclusively on his client for the facts. As such, we cannot say, given the particular circumstances of this case, that the trial court abused its discretion in imposing the section 2—611 sanction against plaintiffs only.

Plaintiffs next contend they had a due process right to receive notice of the amount of fees and costs which defendant intended to seek from them under section 2—611. Plaintiffs cite *Wolff v. McDonnell* (1974), 418 U.S. 539, 564, 41 L. Ed. 2d 935, 955, 94 S. Ct. 2963, 2978, for the proposition that one of the functions of notice as required by due process "is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are in fact." Understandably absent from plaintiffs' argument, in view of their failure to attend the hearing at which the trial court granted defendant's section 2—611 motion, is any contention that the hearing itself did not comply with due process.

The "charges" discussed in *Wolff* were not "charges" as that term may be used in the context of this case, *i.e.*, attorney fees and costs charged against an opponent. Rather, they were "charges" of disciplinary violations lodged against an inmate of a Nebraska State prison. *Wolff* is therefore fundamentally inapposite to this case. Moreover, plaintiffs' argument is substantively without merit.

In *Smiga v. Dean Witter Reynolds, Inc.* (2d Cir. 1985), 766 F.2d 698, *cert. denied* (1986), 475 U.S. 1067, 89 L. Ed. 2d 607, 106 S. Ct. 1381, the plaintiff's attorney argued that the district court had denied him due process in imposing the defendant's fees and costs against him in that it did not provide him with notice and an opportunity to be heard. The court of appeals disagreed. It found the district court's notice that it was considering the imposition of costs against the attorney and his opportunity to respond to the motion adequate. It also noted that he failed to take advantage of the opportunity to respond.

■ Here, defendant served plaintiffs' trial counsel notice of the section 2—611 motion four days before the first hearing was held on the motion on July 14, 1987. This notice complied with Supreme Court Rule 104 (107 Ill. 2d R. 104) and with Rule 2.1 of the Rules of

the Circuit Court of Cook County. On that date, the trial court granted plaintiffs' trial counsel leave to withdraw and set a hearing on defendant's motion for August 31. Thereafter, defendant sent a letter to plaintiffs' Illinois and Arizona addresses advising them of the July 14 proceedings and the August 31 hearing. The return receipts reflect that plaintiff John received the letter in Arizona on July 24 and in Illinois on July 30 and that plaintiff Linda received the letter in Illinois on July 21. We find that the notice provided plaintiffs, as in *Smiga*, amply informed them that the trial court was considering imposing sanctions against them and was thus adequate to comply with due process.

For all of the foregoing reasons, the order of the circuit court of Cook County granting defendant's section 2—611 motion is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.