JOHN E. LEWY, as Ex'r of the Estate of Stanley B. Lewy, Deceased, Plaintiff, v. KOECKRITZ INTERNATIONAL, INC., Defendant-Appellee (Paul E. Freehling *et al.*, Appellants).

First District (4th Division)   No. 1—90—1127

Opinion filed February 21, 1991.

Pope, Ballard, Shepard & Fowle, Ltd., of Chicago (Patricia T. Bergeson, of counsel), for appellants.

Ashcraft & Ashcraft, Ltd., of Chicago (Timothy J. McGonegle and Cynthia A. Manestar, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

The circuit court of Cook County awarded attorney fees and costs to defendant, Koeckritz International, Inc., under Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137). The court entered the amended

order against attorneys Paul Freehling and Cynthia Johnson, who represented plaintiff John Lewy, as executor of the estate of Stanley Lewy. Freehling and Johnson appeal, contending that the trial court exceeded its discretion in making the award.

We reverse the order of the trial court.

BACKGROUND

The record contains the following uncontested facts. On December 7, 1987, plaintiff brought an action against defendant for breach of contract. Defendant filed its answer on March 17, 1988. During pretrial discovery, plaintiff sought from defendant certain sales records that pertained to the dispute. Defendant was delinquent in producing the documents. On June 5, 1989, Judge Myron Gomberg awarded plaintiff $6,062 in attorney fees as a discovery sanction pursuant to Supreme Court Rule 219(c). See 107 Ill. 2d R. 219(c).

Defendant, however, was delinquent also in paying the discovery sanction. As a result, on July 19, 1989, plaintiff filed a motion in which he sought a judgment on the merits. Plaintiff observed that the "lesser sanctions available under [Supreme Court Rule] 219(c) have already been entered against defendant once and had no effect on the defendant's conduct." Based on Supreme Court Rule 219(c) and cases such as *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678, plaintiff sought "an order striking defendant's answer and entering judgment in favor of the plaintiff as well as the entry of an order directing defendant to pay all of plaintiff's attorneys' fees and costs incurred in connection with this motion."

On July 28, 1989, a hearing was held before Judge Edwin Berman on plaintiff's motion. (Judge Thomas Quinn had assumed Judge Gomberg's call, and Judge Berman heard Judge Quinn's motions that day.) Johnson appeared on behalf of plaintiff and Cynthia Manestar appeared on behalf of defendant. The record shows in pertinent part:

"MS. MANESTAR: Your Honor, pardon my interruption; I don't know that we—she's going to the merits.

* * *

MS. JOHNSON: The order we're here on is an order for sanctions that was entered on June 5th granting us $6,000 in fees.

Those fees have not been paid. We made two demands for payment. I cannot imagine what their [defendant's] failure to respond is. Either they pay the fees, or they should be defaulted.

THE COURT: Did you [plaintiff] ask for default?

MS. JOHNSON: Yes, I did, your Honor.

I'd be happy to, if you wanted, to [draw] an order setting a date certain for payment of fees, and, in the alternative, a default judgment entered at that time.

THE COURT: Was there a judgment entered against you [defendant]?

MS. MANESTAR: Against the client, yes it was.

THE COURT: Against the client, not against the attorneys?

MS. JOHNSON: That's correct, your Honor.

THE COURT: How can the lawyer force the client to pay. All you can do is get a judgment, execute a judgment.

MS. JOHNSON: Well, I'm not asking that the judgment be entered against the attorneys. \*\*\* We're asking the defendant to either pay these by a date certain or have default judgment entered against him.

\* \* \*

THE COURT: Is this motion to get the $6,000, is that what it's all about?

MS. MANESTAR: That is all it is.

THE COURT: That's all?

MS. MANESTAR: Twenty one days?

THE COURT: Twenty one days to pay. Or you can come in for the judgment. That's been heard already; evidently [Judge Gomberg] granted judgment.

MS. JOHNSON: That's correct.

THE COURT: You have to get your relief from Judge Gomberg, not from me. All I'm dealing with is an order to pay $6,000. \*\*\* Twenty one days to pay or convert it to a judgment."

Defendant's attorney drafted an order that provided in pertinent part:

"1. Defendant, KOECKRITZ INTERNATIONAL, INC. is ordered to pay the sanctions in the amount of $6,062.00 imposed against it by order dated June 5, 1989 within 21 days from the date hereof (August 18, 1989).

2. If said sanctions are not paid on or before August 18, 1989 default judgment will be entered against Defendant KOECKRITZ INTERNATIONAL, INC."

Defendant failed to pay the $6,062. On August 24, 1989, plaintiff appeared before Judge Quinn and asked for a default judgment. Attorneys Freehling and Johnson advised Judge Quinn that the term

"default judgment" contained in the July 28 order referred to a judgment on the merits and not only on the award of attorney fees. After reviewing the order, Judge Quinn entered a default judgment against defendant on the merits.

The next day, August 25, 1989, defendant filed a "Motion For Clarification Or Reconsideration" of the July 28 order. Defendant interpreted the order to provide that plaintiff "would have rights to enforce a judgment for the $6,062.00, but was not entitled to a default judgment on the merits of the underlying case."

On September 8, 1989, Judge Berman granted defendant's motion for clarification or reconsideration of the July 28 order. He found that the term "default judgment" in his July 28 order referred only to a judgment on the sanctions award and not on the case in chief. Judge Berman also granted defendant leave to petition for attorney fees under Supreme Court Rule 137 (134 Ill. 2d R. 137). On September 18, 1989, defendant filed a petition for attorney fees and costs. Defendant alleged that Freehling and Johnson misinformed Judge Quinn as to the scope and extent of the July 28 order, despite Judge Berman's clear ruling that the July 28 order went only to the sanctions award.

On October 18, 1989, the trial court held a hearing on defendant's petition for Rule 137 sanctions. Judge Berman found that he "clearly stated" what his July 28 order encompassed. He stated: "I'm sure it [the July 28 order] was explained to counsel. I know I explained it to her, or whoever appeared." He further found that the meaning of the order "was clear from the court reporter's record." Judge Berman subsequently stated: "I explicitly said I'm only dealing with the sanction order. You'll have to go to Judge Gomberg for further relief." When Johnson noted that plaintiff asked for a judgment on the merits, Judge Berman responded as follows:

"I know. I denied it, and again, I'm very happy there was a court reporter here. I said in clear language that all I was dealing with was the 6,000 and nothing else dealing with the case and reduced that to a judgment of 21 days, if he [defendant] didn't pay it. That's all I did, and if you've used my order as a basis to get a complete default against them before Judge Quinn saying I had granted this, you clearly were in error."

On April 16, 1990, Judge Berman entered an amended order, where he found that Johnson "deliberately" used the July 28, 1989, order, "which related only to the $6,062.00 sanctions *** to obtain a prove-up for a default judgment on the merits of the case itself. Ms. Johnson did so, after being instructed in open court, that my ruling on her motion for a default judgment applied only to the $6,062.00

sanctions award." Judge Berman awarded defendant $2,483.27 in attorney fees and costs. The court assessed the award against Freehling and Johnson jointly and severally. Freehling and Johnson appeal.

OPINION

■ Supreme Court Rule 137, which superseded amended section 2—611 of the Code of Civil Procedure, requires an attorney to sign pleadings and other papers filed with the court. By his signature, the attorney certifies that he has made a reasonable inquiry into the basis of the pleading or other paper, and believes that it is well grounded in fact, warranted by existing law or a good-faith argument for a change in existing law, and is being made in good faith. Pleadings and other papers filed in violation of Rule 137 may subject the party, the party's attorney, or both, to an appropriate sanction. That sanction may include an order to pay the other party's attorney fees and costs. 134 Ill. 2d R. 137, superseding Ill. Rev. Stat. 1989, ch. 110, par. 2—611.

Rule 137 is intended to prevent counsel from making assertions of fact or law without support (*In re Custody of Caruso* (1989), 185 Ill. App. 3d 739, 743, 542 N.E.2d 375, 377), whether the assertions be written or oral. (*Modern Mailing Systems, Inc. v. McDaniels* (1989), 191 Ill. App. 3d 347, 351, 547 N.E.2d 762, 765.) The test is what was reasonable under the circumstances. In evaluating the conduct of an attorney or party who signs a document or makes a motion, a court must determine what was reasonable to believe at that time rather than engage in hindsight. (*Washington v. Allstate Insurance Co.* (1988), 175 Ill. App. 3d 574, 580, 529 N.E.2d 1086, 1090.) Since Rule 137 is penal in nature, a court must strictly construe its provisions. *Diamond Mortgage Corp. v. Armstrong* (1988), 176 Ill. App. 3d 64, 71, 530 N.E.2d 1041, 1045.

Further, Rule 137 and its predecessor provision are almost identical to Rule 11 of the Federal Rules of Civil Procedure. Thus, Illinois courts may seek guidance in the Federal courts' interpretation of Rule 11. (*Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 224, 511 N.E.2d 831, 835-36.) Rule 11 sanctions have been imposed against an attorney who purposely misrepresented a judge's order to another judge. *Taylor v. Wagner* (N.D. Ill. 1987), 117 F.R.D. 121.

■ Also, a court of review will disturb a trial court's imposition of sanctions only where the court exceeded its discretion. (*Caruso*, 185 Ill. App. 3d at 744, 542 N.E.2d at 378.) A trial court exceeds its discretion only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the

propriety of the trial court's actions, then a reviewing court cannot say that the trial court exceeded its discretion. *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.

Freehling and Johnson claim that the trial court exceeded its discretion in imposing Rule 137 sanctions against them. They contend that they misunderstood Judge Berman's July 28, 1989, order and that Rule 137 does not authorize sanctions for misunderstandings.

■ We agree. After closely examining the entire record, we conclude that Freehling and Johnson could reasonably have interpreted Judge Berman's July 28, 1989, order to refer to the merits of the case and not only to the discovery sanction of $6,062. Thus, they had a reasonable basis for seeking a default judgment on the merits before Judge Quinn on August 24, 1989.

Initially, we note that the July 28 order, by itself, clearly can be interpreted to mean either a default judgment on the discovery sanction alone, or a default judgment on the merits of the case. However, a court must interpret an order within the context of the motions that accompany it. *Inter-Insurance Exchange of the Chicago Motor Club v. State Farm Insurance Co.* (1983), 113 Ill. App. 3d 157, 163, 446 N.E.2d 1224, 1228; *Ferracuti v. Ferracuti* (1975), 27 Ill. App. 3d 495, 498, 326 N.E.2d 556, 559.

In this case, the record clearly shows that plaintiff sought, as a discovery sanction, a default judgment on the merits of the case. This, in itself, was quite reasonable. Judge Gomberg ordered defendant to pay $6,062 in attorney fees as a discovery sanction. The order terminated the litigation on the issue, *i.e.*, it finally determined, fixed, and disposed of the parties' rights as to the issue. The trial court had only to proceed with the execution of the judgment. (See *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458, 460-61.) However, not only was defendant delinquent in producing the sought-after documents, which resulted in the discovery sanction, but defendant was even delinquent in paying the sanction. So, plaintiff next sought a more severe sanction-default judgment on the merits of the case. See 107 Ill. 2d R. 219(c); *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678.

The misunderstanding occurred at the July 28, 1989, hearing on plaintiff's motion. We earlier quoted at length from the report of proceedings. Initially, it is quite clear that the trial judge never specifically and explicitly denied plaintiff's motion. It is also clear that the trial judge used the terms "judgment," or "final judgment," which could describe either of two very different results, without identifying

which result he contemplated. For example, Johnson asked that "defendant either pay these [fees] by a date certain or have default judgment entered against him." The trial judge responded, "[W]ell, give him [defendant] twenty one days to pay the fees, or this will be converted to a judgment." Judgment as to the sanctions award alone, or judgment on the merits? It is not clear from the transcript.

Indeed, the trial judge himself subsequently expressed confusion as to the exact scope of the hearing. He twice asked *defendant's* attorney if plaintiff's motion "to get the $6,000, is that what it's all about?" Defendant's attorney answered: "That is all it is." The trial judge later ruled: "Twenty one days to pay. *** [O]r you can come in for the judgment. That's been heard already; evidently [Judge Gomberg] granted judgment. *** You have to get your relief from Judge Gomberg, not from me. All I'm dealing with is an order to pay $6,000." This is quite true. However, what would occur if defendant did not pay? Would plaintiff receive a judgment on the sanction, which he essentially already had, or a judgment on the merits, which he sought? Again, it is not clear from the transcript. The trial judge's next-to-last words were: "Twenty one days to pay or convert it to a judgment." "It" no doubt refers to the July 28 order. However, does "judgment" refer to the sanction or the merits of the case? The ambiguity remains.

The trial judge made several findings at subsequent hearings and in his April 16, 1990, amended order assessing Rule 137 sanctions against Freehling and Johnson. He vigorously expressed his interpretation of what occurred at the July 28, 1989, hearing and, consequently, the meaning of the July 28 order. Of course, the trial judge's interpretation of the hearing and resulting order is equally as reasonable as that of Freehling and Johnson. However, Freehling and Johnson appeared before Judge Quinn on August 24, 1989, prior to the trial judge's interpretive rulings. In other words, the trial judge's subsequent guidance came too late. Whether a document or motion is reasonable must be determined by an objective standard based on the circumstances that existed when the document or motion was presented to the trial court. *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 623, 532 N.E.2d 595, 600; *Washington*, 175 Ill. App. 3d at 580, 529 N.E.2d at 1090.

In the present case, it is clear from the record that when Freehling and Johnson appeared before Judge Quinn on August 24, 1989, they had a reasonable basis to seek a default judgment on the merits of the case. Thus, we hold that their motion should not have subjected them to Rule 137 sanctions. We note that the United States Court of

Appeals for the Third Circuit followed this reasoning and reached this result in a case that presented the same issue with very similar facts. (*Eavenson, Auchmuty & Greenwald v. Holtzman* (3d Cir. 1985), 775 F.2d 535.) Accordingly, we reverse the trial court's imposition of Rule 137 sanctions against Freehling and Johnson.

For the foregoing reasons, the amended order of the circuit court of Cook County, dated April 16, 1990, is reversed.

Reversed.

McMORROW and JOHNSON, JJ., concur.