CASSANDRA ANDERSON, Petitioner-Appellant, v. HAROLD SCHLOSSER, Respondent-Appellee (Equip for Equality, Inc., *et al.*, Appellants).

Third District    No. 3—94—0265

Opinion filed November 4, 1994.

Janet M. Cartwright, of Equip for Equality, Inc., of Rock Island, and Equip for Equality, Inc., of Springfield (Steven C. Mills, of counsel), for appellants.

Pierson, Maloney & Rayfield, of Princeton (Matthew A. Maloney, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The petitioner, Cassandra Anderson (Cassandra), appeals from the dismissal of her petition for an order of protection against the defendant, Harold Schlosser. Her attorneys, Equip for Equality, Inc., and Janet Cartwright (attorneys), appeal from the imposition of Rule 137 (134 Ill. 2d R. 137) sanctions against them. We find that under the facts of this case, in which the victim is a high-risk adult with disabilities and the alleged abuser is the son of the victim's guardian, the victim may bring the petition for an order of protection in her own name. Therefore, we reverse both the judgment dismissing Cassandra's petition and the judgment imposing sanctions upon her attorneys.

At the time of the occurrence complained of, Cassandra was a 27-year-old woman who had been determined by a court to be disabled and in need of a guardian to manage both her person and her estate. Her grandmother served as that guardian. Cassandra resided at a community living facility in Bureau County, but occasionally went to her grandmother's home in Marshall County for visits lasting several days to several weeks. It was after one such trip that Cassandra reported to her counselor that she had been sexually abused at her grandmother's home. Eventually, the counselor learned that the alleged abuser was the defendant, who was Cassandra's uncle and the guardian's son.

Based on Cassandra's allegations, her attorneys filed an emergency verified petition with the circuit court of Bureau County seeking an order of protection which would prohibit the defendant from having any contact with Cassandra and would require Cassandra's grandmother to visit her at the community living facility. The circuit court, on its own motion, transferred the hearing on the petition to Marshall County. The Marshall County court dismissed Cassandra's petition, finding that because she was a high-risk adult with disabilities, Cassandra lacked the capacity to bring the petition in her own name.

Subsequently, the defendant filed a motion for sanctions against Cassandra's attorneys, claiming that they had failed to conduct a reasonable inquiry into the allegations of the petition. The Marshall County court found that the petition involved a gray area of the law and that because it did not have the opportunity to witness the actions of Cassandra's attorneys in Bureau County, all it could do was deny the petition for sanctions as to conduct in Marshall County

and allow the parties to return to Bureau County for a further hearing. The Bureau County court subsequently imposed sanctions on Cassandra's attorneys in the amount of $4,118.84.

Initially, we note that Cassandra's attorneys have not included themselves as appellants in their captioning of the case, although they did call themselves appellants in their notice of appeal. We now formally join them as appellants pursuant to *Dunaway v. Ashland Oil, Inc.* (1989), 189 Ill. App. 3d 106, 544 N.E.2d 1313.

The central issue is whether Cassandra may bring a petition for an order of protection in her own name.

The first rule of statutory construction is that the court must give the language of the statute its plain and ordinary meaning. (*Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 563 N.E.2d 410.) The Illinois Domestic Violence Act of 1986 (Act) provides that an order of protection may be sought by any "person who has been abused by a family *** member" (750 ILCS 60/201(b)(i) (West 1992)) or by "any person on behalf of a high-risk adult with disabilities" (750 ILCS 60/201(b)(ii) (West 1992)).

■ The Act provides a special mechanism for bringing a petition for an order of protection "on behalf of" a high-risk adult with disabilities. However, it does not exclude such a person from the purview of the broad language allowing "any person" who has been abused to seek protection from the court. Therefore, the plain meaning of the statute allows a high-risk adult with disabilities to bring a petition for an order of protection either in her own name or through another acting on her behalf. Thus, Cassandra may make her claim under either of these provisions.

We reject the argument that disabled persons can act only through their guardians. In situations in which the guardian is the alleged abuser or is closely related to the alleged abuser, allowing the guardian to control the victim's access to the court would be in clear contradiction of the purposes of the Domestic Violence Act. See 750 ILCS 60/102(2) (West 1992).

Therefore, we hold in a situation such as the one presented here, where the victim is a high-risk adult with disabilities and the alleged abuser is the son of the victim's guardian, the victim may bring a petition for an order of protection in her own name.

Second, we must consider whether the trial court abused its discretion in imposing sanctions upon Cassandra's attorneys.

It is not the purpose of Rule 137 to penalize litigants and their attorneys simply because they have been unsuccessful in court. (*Couri v. Korn* (1990), 202 Ill. App. 3d 848, 560 N.E.2d 379.) The test to be used to determine whether sanctions are appropriate is whether a reasonable person in the same circumstances would have done what

the alleged violator did. *Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 570 N.E.2d 361.

 The trial court imposed sanctions upon Cassandra's attorneys because it found that no reasonable person could believe that Cassandra was capable of bringing the petition on her own. Inasmuch as we have determined that Cassandra is capable of doing so, we must reverse the imposition of sanctions against her attorneys.

The judgments of the circuit courts of Bureau and Marshall Counties are reversed.

Reversed.

SLATER, P.J., and STOUDER, J., concur.