JIM TOLAND et al., Plaintiffs, v. SUZANN DAVIS, a/k/a Suzann Harper, Indiv. and d/b/a Conserv, Inc., et al., Defendants (Lehrer, Flaherty and Canavan P.C., Appellant and Cross-Appellee; Tamko Roofing Products, Inc., Defendant-Appellee and Cross-Appellant).

Third District    No. 3—97—0373

Opinion filed February 27, 1998.—Rehearing denied April 29, 1998.

Maureen Flaherty (argued), of Lehrer, Flaherty & Canavan, P.C., of Wheaton, for appellants.

Richard Johnson (argued), and James R. Branit, both of Bullaro, Carton & Stone, of Chicago, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

After filing a complaint that alleged defendants provided defective roofing supplies and repair services, plaintiffs agreed to dismiss their claims against defendant Tamko Roofing Products, Inc., and settled their claims with the remaining defendants. Pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), Tamko filed a motion for sanctions against plaintiffs' counsel, Lehrer, Flaherty & Canavan P.C. (LF&C). The trial judge awarded sanctions in the amount of $5,000. LF&C appeals. We reverse.

█ Supreme Court Rule 137 permits a court to impose sanctions

against a party or attorney who improperly files a pleading with the court. 134 Ill. 2d R. 137. Rule 137 states:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 134 Ill. 2d R. 137.

The determination of whether to impose sanctions generally rests within the sound discretion of the trial court, whose decision is entitled to great weight and will not be disturbed on review absent an abuse of discretion. *In re Estate of Wernick*, 127 Ill. 2d 61, 77-78, 535 N.E.2d 876, 883 (1989); *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 1007, 628 N.E.2d 426, 430 (1993). In this case, the judge who imposed sanctions neither presided over any aspect of the case while Tamko was a defendant nor conducted an evidentiary hearing on the motion for sanctions; thus, no deference need be given to the trial court. When a trial judge bases his decision solely on the same "cold" record that is before the court of review, it is difficult to see why any deference should be afforded to that decision. See *North Shore Sign Co. v. Signature Design Group, Inc.*, 237 Ill. App. 3d 782, 790, 604 N.E.2d 1157, 1163 (1992) ("the predicate to such deference is that the circuit court make explicit factual findings upon which a court of review may make an informed and reasoned decision"). Nevertheless, we find that the imposition of sanctions was erroneous under the abuse of discretion standard.

The pertinent chronology in this case can be summarized as follows. On May 4, 1995, LF&C filed a complaint on behalf of plaintiffs alleging breach of contract, negligence, common law fraud, breach of express warranty, breach of implied warranty, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)). The case was assigned to Judge Robert Lucas.

Defendant Tamko filed a motion to dismiss pursuant to section

2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)). Tamko then agreed to an order that continued its motion and granted plaintiffs leave to file an amended complaint. On September 19, the parties appeared in court, plaintiffs were granted additional time to file their amended complaint, and Tamko's motion to dismiss was "stricken by agreement."

On October 19, plaintiffs filed their amended complaint, alleging breach of written warranty, breach of implied warranty, negligence, common law fraud, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)). Defendant Tamko was not included in the negligence count. Tamko filed its answer to the amended complaint. In addition to denying many of plaintiffs' allegations, Tamko raised three affirmative defenses: (1) plaintiffs' suit was not timely under the terms of Tamko's written limited warranty; (2) Tamko's warranty excluded recovery for consequential and incidental damages; and (3) plaintiffs failed to give reasonable notice pursuant to section 2—607 of the Uniform Commercial Code—Sales (810 ILCS 5/2—607 (West 1994)). Another defendant, Suzann Davis, filed a combined motion to dismiss (735 ILCS 5/2—619.1 (West 1994)) and motion for summary judgment (735 ILCS 5/2—1005 (West 1994)). Pursuant to section 2—619 (735 ILCS 5/2—619 (West 1994)), defendant Keith Tilden filed a motion to dismiss counts I and II.

Plaintiffs then filed a motion to strike Tamko's affirmative defenses, claiming that the limitations within the warranty were proscribed by federal law. On April 1, the motion to strike Tamko's affirmative defenses was denied; plaintiffs were granted leave to file answers to the affirmative defenses. Tilden's section 2—619 motion was granted in part and denied in part; Davis' combined motion was granted; and plaintiffs were granted leave to file a second amended complaint.

On May 1, plaintiffs filed their second amended complaint, alleging breach of written warranty, breach of implied warranty, negligence, common law fraud, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)). Tamko was named as a defendant only in the two warranty counts.

Two days later, citing "irreconcilable differences" with plaintiffs, LF&C filed a motion to withdraw as counsel, which was granted. On May 28, attorney William F. Haley was granted leave to appear as counsel for plaintiffs. Tamko was granted leave to file an answer to the second amended complaint. Also, pursuant to Supreme Court Rule 219 (134 Ill. 2d R. 219), Tamko filed a motion to dismiss the

case for plaintiffs' failure to adequately respond to defense interrogatories. A hearing was set for June 25 on Tamko's motion to dismiss. At the hearing, plaintiffs stipulated to the dismissal of Tamko as defendant, with prejudice, and agreed to pay Tamko's costs in the amount of $98. In December, pursuant to a settlement agreement, plaintiffs and remaining defendants stipulated to a settlement and dismissal of case.

Three weeks later, Tamko filed a motion for sanctions against LF&C. In January 1997, for the first time, Judge C. Stanley Austin presided over the case, and a hearing on the motion for sanctions was continued. At the subsequent hearing, Judge Austin imposed sanctions against LF&C in the amount of $5,000. The judge found (a) LF&C filed the initial complaint "based upon the lack of what I would consider an appropriate investigation," and (b) "two complaints were dismissed, and ultimately a third one was filed, still leaving this defendant in without any additional discovery being done."

■ The imposition of sanctions is not to be based on a subjective, after-the-fact analysis or hindsight. *Washington v. Allstate Insurance Co.*, 175 Ill. App. 3d 574, 580, 529 N.E.2d 1086, 1090 (1988). Rather, the proper standard for evaluating a party's conduct under Rule 137 is one of reasonableness under the circumstances existing at the time of the filing. *Bennett & Kahnweiler*, 256 Ill. App. 3d at 1007, 628 N.E.2d at 430. Applying this standard, we conclude that the trial judge abused his discretion in imposing sanctions for filing the initial and amended complaints.

■ Initially, we note that the judge erred in finding that plaintiffs' first two complaints were dismissed. Plaintiffs' initial complaint was not dismissed. To the contrary, Tamko's initial pleading (a section 2—615 motion to dismiss) was stricken. After plaintiffs filed their amended complaint, Tamko filed an answer. Judge Lucas then granted the motions filed by defendants Tilden and Davis, and plaintiffs were granted leave to file a second amended complaint. Again Tamko filed an answer. The implication that LF&C persisted, despite repeated rulings in favor of Tamko, is simply not correct.

The record shows that LF&C conducted a reasonable inquiry prior to filing the initial complaint and thereafter properly pursued plaintiffs' claims against Tamko. Prior to filing the initial complaint, plaintiffs received a letter from Tamko, wherein the company denied liability but confirmed that its shingles were covered by a limited warranty. Additionally, plaintiffs' claims against Tamko were based in part on the representations of codefendants Davis and Tilden. In the complaint, plaintiffs alleged that (a) Suzann Davis represented that she would act as general contractor and provide a "Tamko ap-

proved roofing contractor" to repair plaintiffs' roof, (b) Davis represented that Tamko's shingles came with a 25-year warranty, and (c) Davis and Keith Tilden held themselves out to be "authorized to properly apply Tamko roofing products." While Tamko steadfastly denied that it approved or authorized Davis and Tilden, at no time did it refute that these representations were made.

Nonetheless, Judge Austin found that "there was not a whole lot of investigation" as to the terms of Tamko's warranty. Yet, in their initial complaint, plaintiffs alleged that "warrantor and dealer have refused to supply the warranty." In its responsive pleading, Tamko did not deny this assertion. Instead, Tamko attached a copy of the limited warranty to its motion and argued that the terms of the warranty precluded liability in this case. Thereafter, plaintiffs' amended complaints were modified to address Tamko's purported liability under the terms of the warranty.

Finally, we note that no determination was ever made on the merits of plaintiffs' claims against Tamko. At the time that Tamko was dismissed as a party, the case was before the court on a motion to dismiss for violations of discovery rules. Plaintiffs agreed to the dismissal and agreed to pay Tamko's costs. In its motion for sanctions, Tamko attempted to turn this into a tacit admission as to the merits of the case:

> "[P]laintiffs' new attorney, having had a chance to review the various materials forwarded to him by his predecessors, almost immediately agreed to voluntarily dismiss Tamko, with prejudice, in view of the complete lack of any evidence or other information indicating wrongdoing on its part ***."

Yet, as Judge Austin noted, Tamko provided no affidavit or evidence supporting this claim. "They were simply voluntarily dismissed out."

This is not a case that warrants sanctions. The purpose of sanctions is to discourage baseless actions and frivolous motions, rather than fee shifting in favor of prevailing parties. See *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). Although English courts routinely award attorney fees to successful litigants (*Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 18 L. Ed. 2d 475, 478, 87 S. Ct. 1404, 1406 (1967)), this is not the American practice. More than two centuries ago the United States Supreme Court rejected application of the English rule in the United States. The rule in this country is that attorney fees are not ordinarily recoverable in the absence of such a provision in a statute or enforceable contract. See *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306, 1 L. Ed. 613 (1796).

The American rule is based on sound policy principles. Litigation

is inherently uncertain, and it would be unjust to punish litigants for exercising their right to file or defend a lawsuit. The poor would be discouraged from vindicating their rights, not based on the merits of their cases, but for fear of being penalized with their opponents' attorney fees. Moreover, the time, expense and difficulty of litigating fees would pose substantial burdens for judicial administration. *Fleischmann*, 386 U.S. at 718, 18 L. Ed. 2d at 478-79, 87 S. Ct. at 1407. Thus, when confronted with a request to fashion a far-reaching exception to the American rule, the Supreme Court declined on the basis that it would be inappropriate for the judiciary, without legislative guidance, to reallocate the burdens of litigation. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 44 L. Ed. 2d 141, 147, 95 S. Ct. 1612, 1616 (1975).

Illinois Supreme Court Rule 137 did not introduce the English rule into American law. Under the English rule, "a fee award is not a sanction" (*S&H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n*, 672 F.2d 426, 429 (5th Cir. 1982)), while Rule 137 expressly speaks of "a sanction" (134 Ill. 2d R. 137). See also *Lewy v. Koeckritz International, Inc.*, 211 Ill. App. 3d 330, 334, 570 N.E.2d 361, 365 (1991) (Rule 137 is "almost identical" to Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11), and Illinois courts may seek guidance from judicial interpretations of Rule 11); *Anshutz Petroleum Marketing Corp. v. E.W. Saybolt & Co.*, 112 F.R.D. 355, 357 (S.D.N.Y. 1986) (Rule 11 was not intended to have same effect as the English rule).

The purpose of Rule 137 is to prevent the filing of frivolous or false lawsuits without legal or factual foundation, not to penalize litigants and their attorneys simply because they were zealous but unsuccessful. See *Elledge v. Reichert*, 250 Ill. App. 3d 1055, 1059, 620 N.E.2d 543, 547 (1993). Since the rule is penal in nature, its terms must be strictly construed. *In re Marriage of Adler*, 271 Ill. App. 3d 469, 475, 648 N.E.2d 953, 957 (1995).

Rule 137 specifically provides that every complaint must be (a) based on knowledge, information, or belief formed after reasonable inquiry, (b) well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and (c) not interposed for any improper purpose. The record shows that plaintiffs' counsel satisfied these criteria.

The judgment of the circuit court of Du Page County is reversed.

Reversed.

BRESLIN and SLATER, JJ., concur.